Charles Henry ALFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 47191.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Rehearing Denied March 13, 1974.

Jerry M. Johnson (on appeal only), John P. Eaton (on appeal only), San Angelo, for appellant.

Frank C. Dickey, Jr., Dist. Atty., William J. Stroman, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction of murder with malice. The jury assessed punishment at life.

The appellant shot and killed Eliza McGowan, his estranged wife.

Appellant first contends that the trial court erred in admitting into evidence a picture of the deceased's daughter, Angela. He urges that the State introduced the picture in an effort to arouse the sympathy of the jury and to bolster the testimony of other witnesses regarding the circumstances surrounding the scene of the crime without the necessity of calling the girl and being bound by her testimony.

Defense counsel called San Angelo police officer Kiser and elicited testimony concerning the entire contents of a purse carried by the deceased at the time she was shot. Among the items in the purse was the complained of picture of Angela. Mrs. L. M. Burks, an eyewitness to the shooting, testified that the girl was standing near her mother when the shooting started. She further testified that the picture was a true representation of Angela. The picture itself is a recently made school picture portrait of the girl.

We recently restated the rule that a photograph, proved to be a true representation of the person, place or thing which it purports to represent, is competent evidence of those things of which it is material and relevant for a witness to give a verbal description. Terry v. State, Tex.Cr. App., 491 S.W.2d 161.

In Sanders v. State, Tex.Cr.App., 462 S.W.2d 3, we held that permitting two co-indictees in a murder prosecution to be brought into the courtroom in order to be identified as being at the scene of the murder did not constitute reversible error.

Where other evidence placed the girl at the scene of the shooting and described her actions, we hold that no reversible error was committed in permitting the introduction of a picture of the girl.

In his second and third grounds of error, appellant complains that reversible error was committed when the trial court admitted evidence that appellant had, some five months prior to the shooting, attempted to choke the deceased to death.

Appellant had taken the stand in his own behalf, and on cross-examination was asked if he had ever choked the deceased, when the following occurred:

"MR. JOHNSON (defense counsel): We object, your Honor, bringing up extraneous offenses, or attempting to, when he can't prove that. It is preju-

dicial. Do you have a witness that can prove that?

"MR. DICKEY (District Attorney): I certainly do. I have two. Your Honor, he has brought up self-defense."

Appellant's objection was overruled. The State then called the deceased's sister, Elvira Brown, who testified that in September or October, 1971, appellant attacked the deceased and attempted to choke her to death. The second witness apparently referred to by the district attorney, Eleanor Miles, was in court, having testified earlier to other matters, but was not called to testify regarding the choking incident.

Appellant first complains that this testimony constitutes a showing of an extraneous offense which is admissible under no exception to the general rule excluding such matters. He urges that the evidence is insufficient to raise an issue of self-defense, that the evidence regarding an extraneous offense is relevant or material to no other contested issue, and that, therefore, testimony concerning the choking incident is inadmissible.

In Dunlap v. State, 462 S.W.2d 591, this Court found no error in the admission of evidence that Dunlap had choked his wife on two prior occasions before the date of the homicide. The Court followed Article 1257a, Vernon's Ann.P.C., which provides for the admission of testimony as to all relevant facts and circumstances surrounding a killing and the previous relationship existing between the accused and the deceased. Id., at 594. See Smith v. State, Tex.Cr.App., 502 S.W.2d 814 (1973).

The provisions of Article 1257a, supra, control; appellant's contention is overruled.

Contention is made that reversible error was committed when defense counsel asked the district attorney during the cross-examination of the appellant if the prosecutor had any witnesses to the choking of the deceased, and the answer that

he had two witnesses. He argues that the answer constituted unsworn testimony and an attempt to bolster the testimony of another State's witness.

No objection to this answer was made. Even if there had been an objection, no error is shown because the answer was responsive to the question asked by defense counsel.

■ Appellant finally contends that the State committed reversible error when he informed the jury that the State had waived the death penalty in the case. Appellant was indicted prior to, but tried shortly after, the United States Supreme Court decision holding the death penalty unconstitutional in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

During voir dire examination of the jury panel, the prosecuting attorney announced that the State had waived the death penalty. Appellant did not object. Again, during argument at the penalty stage of the trial, the following occurred:

"MR. DICKEY (District Attorney): Now, when Mr. Stroman and I started out, we did not seek the death penalty in this case, we waived the death penalty.

"MR. JOHNSON (defense counsel): Your Honor, we would also like the jury instructed there is no death penalty any more and that Mr. Dickey is indicating there is.

"THE COURT: Well, the jury will disregard the remark about the death penalty."

The jury had already been informed without objection that the death penalty had been waived. The court did not authorize such a penalty in his charge. Even if the appellant had moved for a mistrial after the court instructed the jury not to consider the remark, no error would be shown.

The record contains no reversible error; the judgment is affirmed.