Preston Edward **GREER,** Appellant,

v.

**The STATE of Texas,** Appellee.

**No. 49931.**

Court of Criminal Appeals of Texas.

May 28, 1975.

William C. Denton and Calvin A. Hartmann, Houston, Both on appeal only, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Warren White, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, 100 years.

The record reflects that appellant, in the presence of two people, one of whom was Veronica Lee, shot deceased twice in the head with a shotgun.

Appellant's first, second and fourth grounds of error relate to witness Veronica Lee. Prior to trial, the trial court granted appellant's motion to be furnished with Veronica Lee's "rap sheet". On the day of trial it became apparent that appellant had erroneously been furnished the

"rap sheet" of another "Veronica Lee" who had a very brief criminal record. At the same time the prosecutor reported that to the best of his knowledge the Veronica Lee who would testify in the case had no prior criminal record. When she testified, it was established that this was true.

Appellant contends first that the trial court erred in failing to grant his motion for continuance based on "surprise" resulting from the fact that he had been furnished with incorrect information about one of the State's key witnesses; second, that the State had failed to provide, within the doctrine of Brady v. Maryland, 363 U. S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), appellant with relevant evidence (correct information regarding the "real" Veronica Lee) material to the defense of the accused; and, third, that the court erred in not permitting him to take the deposition of Veronica Lee prior to trial.

■ The case at bar does not present a question of suppression under Brady v. Maryland, supra. Appellant had the correct information concerning the "rap sheet" before the commencement of trial. Means v. State, Tex.Cr.App., 429 S.W.2d 490. See also Crutcher v. State, Tex.Cr. App., 481 S.W.2d 113.

■ Further, we cannot conclude that the fact that appellant thought "Veronica Lee" had one arrest for prostitution (if we properly interpret the police report introduced into evidence by appellant at the motion for new trial) and the fact that the "real" Veronica Lee had no arrests would materially affect the preparation of his defense. The court did not err in failing to grant the motion for continuance on the ground of "surprise". Once it was shown that the witness who appeared to testify against appellant had no prior criminal record, then appellant's claim that he was denied ample notice or information from which to cross examine the witness also vanishes. This is particularly true since by the exercise of the minimum of diligence

appellant's counsel would have found out that the "rap sheet" which had been furnished him was of another person than the witness who was with appellant at the time of the homicide.

■ Regarding the court's refusal to grant appellant's motion to take the deposition of the witness Veronica Lee, on appeal appellant claims that if such motion had been granted he would have learned prior to trial that the arrest record which had been furnished him was incorrect. As noted above, appellant was not harmed by the error in identification. Without further claim of deprivation, we would not be warranted in ordering a reversal of this conviction for the court's refusal to grant the motion. This is especially true in view of the failure of the appellant to establish a proper predicate for the taking of the deposition together with the fact that the witness did appear and testify and was cross examined. See McKinney v. State, Tex.Cr.App., 491 S.W.2d 404.

■ Appellant's third and seventh grounds of error relate to argument. Initially appellant complains of the following argument by the prosecutor relating to the death penalty:

"THE STATE (White): I am sorry if I am getting emotional in it. When you talk about a cold blooded murderer with no remorse, no sympathy or anything else, then this man, in my opinion as we cannot ask for it in this case, it deserves the death penalty. I am certain about that. The maximum you can get in this case is life. The punishment—

MR. TATUM: We object to that as highly irregular.

THE COURT: I am charging the law in the charge and the jury will read it.

MR. TATUM: I ask the jury to disregard it.

THE COURT: Disregard that portion having to do with the death penalty.

There is no death penalty in Texas. The jury will read the charge and go by it, please."

Initially, we observe as we did in Franks v. State, Tex.Cr.App., 462 S.W.2d 287, that appellant received all the relief he requested and is in no position to complain.

We do not find that this argument is violative of the holding of this Court in Clayton v. State, Tex.Cr.App., 502 S.W.2d 755, as appellant contends. We further find the same admonition as in Alford v. State, 505 S.W.2d 813, was followed when the court instructed the jury not to consider that portion of the prosecutor's argument relating to the death penalty.

Next, appellant charges "the trial court erred in overruling the defendant's objection to the improper, prejudicial and inflammatory argument of the State's attorney, who claimed the defendant was lying after taking the oath as a witness."

During the course of his argument, the prosecutor discussed the evidence which had been introduced and then compared it to appellant's testimony.

The prosecutor then argued:

"This man is trying to take advantage of you twelve people. He is trying to take advantage of the justice system in this country and this community. He wants to get up here and say he is talking to you under oath when he is lying between his teeth trying to confuse your thought processes. And maybe it is common at that point, I just don't know, where people cannot come to the courthouse and get justice. Have we reached the point of no return where we cannot put the Preston Edward Greers away where they belong? The man did it in cold blood. The charge tells us—"

The objection made was: "We object to it as being highly prejudicial and inflammatory."

Recently in Winkle v. State, Tex.Cr. App., 506 S.W.2d 891, we said:

"When the first question was asked, appellant's objection was that it was 'highly prejudicial.' At no time was the trial court's attention directed to the complaint now raised on appeal that the prosecutor was improperly seeking to elicit evidence of extraneous offenses. While the questions were improper under the circumstances, appellant's general objection was not sufficient to preserve the matter for review."

Regardless of the sufficiency of the objection, we address ourselves to the two cases upon which appellant relies. In Lopez v. State, Tex.Cr.App., 500 S.W.2d 844, the prosecutor struck at the accused over the shoulders of his counsel when he told the jury that the lawyers knew they were lying when they entered a plea of not guilty for the accused. The Court cited in support of its conclusion Crutcher v. State, supra, which also dealt with an attack upon counsel for the accused.

In Seay v. State, Tex.Cr.App., 395 S.W. 2d 40, the Court concluded that the case should be reversed before it reached the portion of the opinion upon which appellant relies. The opinion ended with the caveat, "We further observe that upon another trial of this cause the prosecutor should not be allowed to refer to appellant in such caustic language as 'here is a man on his oath to God. He lies on his oath to God.'"

Since neither of the cases relied upon by appellant mandates a reversal of this conviction, we must address ourselves to the problem of whether or not reversible error is reflected whenever the prosecutor, *basing his conclusion on the accused's testimony*, refers to him as a liar.

■ We reiterate. Appellant's testimony was clearly contrary to the preponderance of the evidence which had been intro-

duced by the State. When this situation exists, it is not reversible error for the prosecutor to argue that the facts of the case prove that the accused was not telling the truth. There should be no different rule for discussion of the appellant's testimony than that of any other witness. It is not contended that it would be error for the prosecutor to conclude in his argument that a witness for the defense had not been telling the truth.

Grounds of error five, six and eight involve a photograph of deceased introduced into evidence. Appellant contends that the photograph was inflammatory and highly prejudicial, that the State failed to lay a proper predicate by showing that the photo represented what it purported to represent, and that the State failed to show a proper chain of custody of the photo.

■■ The photo in question, identified by Officer Gibson, which showed the deceased after the homicide, was admissible under this Court's holding in Martin v. State, Tex.Cr.App., 475 S.W.2d 265. See also Brown v. State, Tex.Cr.App., 508 S. W.2d 91, and Clay v. State, Tex.Cr.App., 505 S.W.2d 882. Officer Gibson testified that he arrived at the scene of the homicide shortly after its occurrence and found the deceased dead on a bed in the bedroom and that the photo in question represented a picture of deceased on the bed. Any further question regarding the predicate and the chain of custody of the photograph goes to the weight rather than the admissibility of the exhibit. See De Leon v. State, Tex.Cr.App., 505 S.W.2d 288, and Anderson v. State, Tex.Cr.App., 504 S.W. 2d 507.

Appellant's last six grounds of error charge the State failed to show a proper chain of custody for the admission of "a shotgun", "cartridges", "ammunition", "shotgun shells", "a needle and syringe", and "a revolver", found at the scene of the homicide. Assuming appellant properly objected to the admission of these items on the ground he now urges, the record re-

flects Officer Gibson identified each of these items and testified that they were recovered, in his presence, from the scene of the homicide. Any questions regarding these items therefore goes to their weight rather than their admissibility. De Leon v. State, supra, and Anderson v. State, supra.

Finding no reversible error, the judgment is affirmed.