**Clarence Elmo BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 955–84.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 1985.

Robert E. Reed, Port Arthur, for appellant.

James S. McGrath, Dist. Atty. and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of attempted murder and sentenced to nine (9) years incarceration at the Texas Department of Corrections. The State petitions the Court to review the Ninth Court of Appeals' reversal of the trial court judgment based on an assessment that certain photographic evidence was improperly admitted at trial. *Brown v. State*, No. 09–83–181CR (Tex. App.—Beaumont, August 23, 1984).

The record shows that appellant stabbed Other Oville who had intervened in an argument between appellant and Barbara Ruiz. Subsequently appellant also stabbed Ruiz and was charged with attempted murder for this second attack.

At trial the wounds to Oville were mentioned several times and at one point Oville was asked to display the wounds in court. The request and the display were accomplished without objection from defense counsel. However, when properly authenticated photographs of the wounds to Oville were submitted by the State, the defense objected on grounds that they depicted an extraneous offense. The trial court admitted the photographs over the objection.

The Ninth Court of Appeals reversed concluding that the photographs were not relevant to the attempted murder of Ruiz and were too prejudicial.

■ It is well established that where an offense is one continuous transaction and another offense is part of the primary offense or closely interwoven with the primary offense, proof of all facts relating to the transaction or other offense is proper as part of the res gestae or context of the offense charged. *Rios v. State*, 557 S.W.2d 87 (Tex.Cr.App.1977).

■ Further, a photograph, if properly authenticated, is competent evidence on any subject of which a witness's description is proper. *Alford v. State*, 505 S.W.2d 813 (Tex.Cr.App.1974).

■ The attack on Oville was clearly part of the res gestae or context of the attempted murder of Ruiz as both attacks occurred in the same continuous transaction. Therefore, the testimony concerning the wounds suffered by Oville in the attack was admissible. Because the testimony was admissible it follows that the photographs were likewise admissible.

In *Freeman v. State*, 556 S.W.2d 287 (Tex.Cr.App.1977) two victims had been killed in the course of one continuous transaction. The defendant, charged with the murder of one victim, objected to the introduction of an autopsy report concerning the other victim. The Court held the report admissible as part of the res gestae of the offense because the evidence was "blended and closely interwoven with the evidence admitted to show the death of ... the deceased in the instant case ..." *Freeman*, supra at 308.

In *Alford*, supra, a photograph of the deceased's daughter was admitted in the defendant's murder trial. The court held that the photograph was competent evidence "where other evidence placed the girl at the scene of the shooting and described her actions ..." *Alford*, supra at 815.

*Kemp v. State*, 464 S.W.2d 141 (Tex.Cr. App.1970), cited by appellant, has no bearing on this case. The photographs in *Kemp*, supra were not part of the res gestae of the offense but depicted various extraneous offenses allegedly committed over a long period of time.

■ Additionally, the several references to and the display of Oville's wounds without objection is relevant. There is no error in admitting a photograph where there is testimony admitted without objection showing the same thing. *Brooks v. State*, 599 S.W.2d 312 (Tex.Cr.App.1979).

Accordingly, the judgment of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for examination of any other grounds of error.