Cain GONZALEZ QUIROZ, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–654–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 2, 1988.

Robert A. Moen, J. Gary Langford, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of injury to a child. Appellant was found guilty by a jury of intentionally or knowingly engaging in conduct that caused serious bodily injury to a child. The trial court assessed Appellant's punishment at confinement for life in the Texas Department of Corrections. We affirm.

Appellant asserts five points of error. In his first four points of error Appellant contends the trial court erred in overruling his objections and permitting the State to cross-examine Appellant as to whether he had previously been convicted of a felony or misdemeanor involving moral turpitude, and specifically, whether he had been convicted of theft in cause number 560,785. Appellant asserts that the State violated the court's ruling on Appellant's Motion in Limine. Appellant also contends that in a pretrial Motion for Discovery, Production and Inspection of Evidence, he specifically requested production of Appellant's prior criminal record and that the State inform him of the offenses it intended to use against him. He contends there "is nothing in the record" to show that the State complied with this request. Appellant further contends that the trial court abused its discretion in permitting the State to elicit testimony regarding an extraneous offense.

The record reflects that during the guilt-innocence phase of the trial the prosecutor, Ms. Derbyshire, cross-examined Appellant as follows:

Q: Have you ever been convicted of a felony or misdemeanor involving moral turpitude?

A: Ma'am?

Q: Have you ever been convicted of a felony or misdemeanor involving moral turpitude?

A: You would have to explain that to me.

Q: Have you ever been convicted of lying, cheating or stealing?

A: No ma'am.

Q: No?

Ms. Derbyshire: May we approach the bench, your Honor?

A discussion was then held at the bench and outside the presence of the jury. Whatever was requested or discussed was not recorded. The State then continued:

Q: Are you denying in cause 560,785 you were convicted of an offense?

Mr. Martinez: [Defense Counsel] I object to introducing an extraneous offense that has not been laid down. The predicate is not in. I would object on those grounds.

The Court: Overruled.

Mr. Martinez: Exception.

By Ms. Derbyshire:

Q: Are you denying that you are the same person that was convicted in cause number 560,785?

A: Convicted of what?

Q: Of theft?

A: No ma'am.

Q: You are denying that is not true?

A: No, I mean I am not saying I ever got convicted.

Q: So it's not you? You are under oath.

A: The only time that I ever got a misdemeanor was for carrying a weapon.

Q: Well, I wasn't going to go into that.

A: That is the only time I know of. I pleaded guilty.

Q: Are you denying the theft?

A: No ma'am, I was never convicted of theft.

Q: You are denying it?

A: I am not denying it. I am telling you I was never convicted of theft.

No further effort at impeachment was made by the State and no evidence of the conviction was offered.

We note initially that the objection at trial was based on "predicate" while the points of error raised on appeal concern improper impeachment and a violation of a Motion in Limine and Motion for Discovery. Where the objection made in the trial court is not the same as that urged on appeal, nothing is preserved for review. *Bynum v. State*, 731 S.W.2d 661, 663 (Tex.App.— Houston [14th dist.] 1987, no pet.). Also, Appellant's Motion in Limine, requesting that the State not be allowed to go into prior convictions without first obtaining a ruling on the matter outside the jury's presence, was never ruled on by the trial court. Appellant directs our attention to a docket sheet notation indicating that his Motion in Limine was granted. However, the corresponding portion of the statement of facts reveals that the motion granted by the court concerned discussion of the punishment range during the trial:

[MR. MARTINEZ]: The only two motions that I have that I want to consider is a confession my client made after his arrest. He made statements. And that is the only one, and a motion in limine that I have filed.

THE COURT: Okay. We will take up the motion to suppress at the time, and I will instruct the State not to offer it until such time as the jury has been withdrawn and we have a hearing to determine its admissibility.

MR. MARTINEZ: Then I have a motion in limine on several items that you might want to go over.

THE COURT: What is it?

MR. MARTINEZ: It has to do with the range of punishment, that it not be discussed at any time during the trial.

THE COURT: We have already been through that. That is handled. What else?

MR. MARTINEZ: That is it. Just the confession.

Appellant has not preserved error because the only item discussed with the court was punishment. If Appellant wanted the court to rule on other issues in the Motion in Limine, he should have brought them to the attention of the court. Failure

to do so waives any right to assert error on appeal.

■ Even if the issue had been properly preserved, we find no error. A defendant who chooses to waive his privilege against self-incrimination by voluntarily taking the witness stand is generally subject to the same rules as any other witness. Except where some statute forbids certain matters to be used against him, a defendant may be contradicted, impeached, made to give evidence against himself, cross-examined as to new matters and treated in every respect as any other witness. *Bowden v. State*, 628 S.W.2d 782, 788 (Tex. Crim.App.1982); *Bell v. State*, 620 S.W.2d 116, 124 (Tex.Crim.App.1981) (on rehearing). A defendant who elects to testify places his credibility in issue and may be impeached by proof of a prior final felony conviction or a misdemeanor conviction involving moral turpitude. *Hammett v. State*, 713 S.W.2d 102, 105 (Tex.Crim.App. 1986); *Bowden v. State*, 628 S.W.2d at 788. A misdemeanor conviction for theft involves moral turpitude and may be used for impeachment purposes. *Milligan v. State*, 554 S.W.2d 192, 196 (Tex.Crim.App.1977); *Poore v. State*, 524 S.W.2d 294, 296 (Tex. Crim.App.1975). Proof of such a conviction may be elicited by inquiries designed to secure an admission from the witness. *Kirvin v. State*, 575 S.W.2d 301, 303 (Tex. Crim.App.1978).

The State was properly inquiring into a prior conviction for an offense involving moral turpitude. When Appellant denied the conviction, the State made no further effort to offer evidence to impeach Appellant. Appellant has not shown that the State was acting in bad faith in questioning him about the conviction, nor has he complained of the State questioning the Appellant about a specific cause number and then failing to put on proof of a prior conviction under that cause number.

■ With regard to the contention that Appellant's pre-trial motions specifically requested that the State produce Appellant's prior criminal record and notify him of the offenses it intended to use against him, we find that Appellant does not argue that the State failed to produce this evidence. Rather, he contends that there is "nothing in the record" that shows that the State complied with this request. He concludes that this renders cross-examination testimony regarding his prior convictions inadmissible. We find no merit in this argument. Mere assertions in Appellant's brief which are not supported by the record present nothing for review. *Beck v. State*, 573 S.W.2d 786, 788 (Tex.Crim.App.1978). Appellant has not shown that the trial court granted his Motion for Discovery or that the State failed to supply the requested information. Further, he has not shown how he was harmed by this alleged omission. Points of error one through four are overruled.

■ In point of error five, Appellant asserts the trial court erred and abused its discretion in admitting into evidence photographs of the deceased child. Appellant contends the photographs were gruesome, inflammatory and were offered solely to prejudice the jury. He argues that the probative value of the photographs was outweighed by their prejudicial effect. Dr. Murphy, who treated the complainant when he arrived at the hospital, and Dr. Narula, who performed the autopsy of the complainant, gave detailed testimony regarding the complainant's injuries and condition at the time of his death. Appellant did not object to this graphic testimony of the child's condition, but objected only to the *photographs* depicting the child's condition. Admission into evidence of a photograph is not error when there is testimony admitted without objection regarding the same subject. *Brown v. State*, 696 S.W.2d 913, 914 (Tex.Crim.App.1985). Further, the admission into evidence of photographs is within the trial court's discretion and it is for the trial court to determine whether they serve a proper purpose in the enlightenment of the jury. *Burdine v. State*, 719 S.W.2d 309, 316 (Tex.Crim.App.1986), *cert. denied*, — U.S. ——, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). A properly authenticated photograph is competent evidence on any subject on which a witness' verbal description is proper. *Brown v. State*, 696 S.W.2d at

914; *Bullard v. State*, 706 S.W.2d 329, 332 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd).

The photographs depicted the eleven month old child as he appeared on the date of his death. They show the numerous new and old wounds and lesions over the entire body. The photographs were properly authenticated by Dr. Murphy who testified that they fairly and accurately depicted the complainant on the date of his death.

Appellant was charged with failing to feed or seek medical care for the complainant over a several month period of time. The doctor testified there was no food in the child's digestive tract which indicated he had not consumed *any* food in at least two to three days. The photographs show the protruding ribs, sunken eyes and overall emaciation of the body; therefore, they are highly probative of the fact and manner of the child's death and of Appellant's culpable mental state. We hold that the trial court did not abuse its discretion in admitting the photographs into evidence. Point of error five is overruled.

Accordingly the judgment of the trial court is affirmed.