Affirmed and Memorandum Opinion filed October 21, 2008








Affirmed and Memorandum Opinion filed October 21, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00038-CR

NO. 14-08-00039-CR

_______________

 

CHARLIE LOUIS BRADLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause Nos. 1034656, 1034657

                                                                                                                                               


 

M E MO R A N D U M     O P I N I O N

Appellant, Charlie Louis Bradley,
challenges his conviction for aggravated kidnapping and aggravated robbery. 
The trial court assessed punishment at confinement for 75 years.  Appellant
contends that (1) the evidence was legally insufficient to support the findings
that (i) a deadly weapon was used in the kidnapping and robbery of complainant,
and (ii) appellant was a party to those offenses; and (2) the trial court erred
in overruling appellant=s relevancy objections to certain evidence.  We affirm.

 








Background

About 9:00 a.m. on July 9, 2005,
complainant drove his truck and an attached trailer toward the rear delivery
area of a Walgreen=s pharmacy.  Both the trailer and the truck bed were filled
with prescription drugs to be delivered to multiple Walgreen=s pharmacies.  

When complainant attempted to exit
his vehicle, two African-American males wearing masks rushed up and pointed
handguns at him.  The assailants forced complainant back into the truck,
blindfolded him, pushed him down onto the passenger-side floorboard, and
covered him with his windshield sun-shade.  The two assailants then got into
complainant=s truck; one drove while the other sat in the passenger seat and kept his
feet on top of complainant.

Over the next two hours, complainant
was driven to multiple locations and heard multiple voices in and around the
truck.  Complainant testified at trial that he did not recognize any of the
voices and did not know if the same men who approached him initially were with
him in the truck at any given time after the first stop.  Sergeant Robert
Minchew of the Harris County Sheriff=s Department testified at trial that
complainant told him on the day of the robbery that the same voices that
ordered him into the truck were audible to him throughout the entire ordeal.

The assailants drove complainant to
two locations for a total of approximately 20-40 minutes.  At the second
location, the assailants unhooked complainant=s trailer and one man returned to the
truck.  Complainant thereafter was handcuffed and driven to a third location
after about 30-45 minutes.  The prescription drugs complainant intended to
deliver were unloaded from the truck bed.








One man then drove the truck, with
complainant still blindfolded and handcuffed, for about 20-30 minutes before
stopping at another location.  Another man got in the passenger seat of the
truck and the two drove around with complainant for another 20-30 minutes
before reattaching the now-empty trailer to complainant=s truck.  One of the men then
threatened to kill complainant if he moved during the following five minutes;
he also threatened to kill complainant and his family if complainant identified
his assailants to police.  At that point, the men released complainant from his
handcuffs.

After waiting five minutes,
complainant got up and looked at his watch; it was 11:15 a.m.  Complainant
found himself at a construction site; his cell phone and money had been taken,
along with the prescription drugs from his trailer.

Investigators found one complete
fingerprint and two partial fingerprints belonging to appellant on complainant=s trailer, along with two full
fingerprints belonging to Devrick Hubbard.  Appellant=s fingerprints were found on the
right inside door at the back of the trailer.  Complainant testified at trial
that he had washed his trailer about two weeks before the kidnapping and
robbery in preparation to sell the trailer.  Complainant did not know appellant
or Hubbard, and testified at trial that neither of them would have had any
reason for being around or inside his trailer.

Sergeant Minchew obtained arrest
warrants for Hubbard and appellant and set out to execute both warrants on July
19, 2005.  During execution of the warrant on Hubbard, police found two guns,
ammunition, more than 20 heavy-duty garbage bags filled with prescription medicine
packages, and a framed 8" x 10" photo of Hubbard and appellant
displayed in Hubbard=s home.  The drugs recovered from Hubbard=s home were later identified as the
same ones stolen from complainant=s truck.

Analysis

I.          Legal
Sufficiency of Evidence Supporting Findings That a Deadly Weapon Was Used
During the Kidnapping and Robbery of Complainant, and That Appellant Was a
Party to Those Offenses       

Appellant challenges the legal
sufficiency of the evidence supporting the trial court=s finding that a deadly weapon was
used during the kidnapping and robbery of complainant.  Appellant argues that
the evidence was legally insufficient to support a finding that appellant used
or exhibited a deadly weapon during commission of the offense.  This argument
misconstrues the governing legal standard.  








The State pursued charges against
appellant as a party to the offense.  The trial court instructed the jury on
the legal theory of parties and criminal responsibility.  Under this theory,
the State had to prove beyond a reasonable doubt that appellant was a party to
an offense in which a deadly weapon was used; the State was not required to
prove that appellant himself used a deadly weapon.  See Sarmiento v. State,
93 S.W.3d 566, 569 (Tex. App.BHouston [14th Dist.] 2002, pet. ref=d) (en banc).  The real issue here is
whether legally sufficient evidence supports findings that (1) a deadly weapon
was used in the commission of the offenses charged; and (2) appellant was a
party to those offenses.

In reviewing legal sufficiency of the
evidence, an appellate court will examine the evidence in the light most
favorable to the State to determine whether any rational finder of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999).  When reviewing legal sufficiency of the
evidence, the court does not sit as a thirteenth juror and may not re-evaluate
the weight and credibility of the record evidence or substitute its judgment
for that of the fact finder.  Dewberry, 4 S.W.3d at 740.

Reconciliation of conflicts in the
evidence is within the exclusive province of the fact finder.  See Mosley v.
State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  The appellate court=s duty is not to reweigh the
evidence, but to serve as a final due process safeguard ensuring only the
rationality of the fact finder.  See Williams v. State, 937 S.W.2d 479,
483 (Tex. Crim. App. 1996).  An appellate court faced with a record of facts
that supports conflicting inferences must presume C even if not obvious from the record C that the finder of fact resolved any
such conflicts in favor of the State, and must defer to that resolution.  Jackson,
443 U.S. at 326.








Under Texas law, a deadly weapon is
defined as A(A) a firearm or anything manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury; or (B) anything that in
the manner of its use or intended use is capable of causing death or serious
bodily injury.@  Tex. Penal Code Ann. _ 1.07(a)(17) (Vernon Supp. 2008).  Testimony by a lay witness
that a defendant used a firearm during the commission of an offense is
sufficient to support a finding of use and exhibition of a deadly weapon.  Gomez
v. State, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985) (en banc); see also
Porter v. State, 601 S.W.2d 721, 723 (Tex. Crim. App. 1980).

Evidence that a defendant personally
used or exhibited a deadly weapon is not required for conviction when the
defendant is prosecuted as a party.  Sarmiento, 93 S.W.3d at 569.  A
person is criminally responsible as a party to an offense if it is committed by
his own conduct, that of another for which he is criminally responsible, or
both.  Tex. Penal Code Ann. _ 7.01(a) (Vernon 2003).  AEach party to an offense may be
charged with commission of the offense.@  Id. _ 7.01(b) (Vernon 2003).  A person is
criminally responsible for an offense committed by another if Aacting with intent to promote or
assist the commission of the offense, he solicits, encourages, directs, aids,
or attempts to aid the other person to commit the offense.@  Id. _ 7.02(a)(2) (Vernon 2003).

Complainant testified that two
African-American males abducted him as he was working; that each had a gun;
that the men pointed their guns at him and forced him into his truck; and that
one of his assailants threatened to Ablow [his] head off@ and kill his family.  Sergeant
Minchew=s testimony at trial corroborated
that of complainant.  Sergeant Minchew stated that complainant was Avague on any particulars [about the
men=s descriptions] other than their
weapon[s].@  A rational fact finder viewing this evidence in the light most favorable
to the State could have found beyond a reasonable doubt that a deadly weapon
was used in the kidnapping and robbery of complainant.  








The analysis next focuses on whether
appellant was a party to the offenses at issue.  Appellant=s fingerprints were found on the
inside rear door of complainant=s trailer.  Complainant did not know appellant and testified
that appellant had no reason to be in the trailer.  Appellant was pictured with
Hubbard in a photo prominently displayed in Hubbard=s home.  Hubbard=s wife and appellant=s wife both testified at trial that
Hubbard and appellant were friends.  Two guns, ammunition, and more than 20
garbage bags full of prescription drugs stolen from complainant=s intended delivery were found in
Hubbard=s home at the time of his arrest on
July 19, 2005.  The evidence was indicative of a large-scale, thoroughly
planned operation requiring multiple participants to execute.  A rational fact
finder viewing this evidence in the light most favorable to the State could
have found beyond a reasonable doubt that appellant was a criminally
responsible party to the kidnapping and robbery of complainant.

We overrule appellant=s issue regarding legal sufficiency
of the evidence to support the finding that a deadly weapon was used in the
commission of the offenses charged, and the finding that appellant was a party
to those offenses. 

II.        Appellant=s Objections to Relevancy of Evidence

Appellant challenges the  trial court=s decision to admit certain exhibits
into evidence over appellant=s relevance objections.  See Tex. R. Evid. 401.  The
evidence appellant argues was erroneously admitted consists of (1) a search
warrant for Devrick Hubbard=s residence; (2) photographs of the exterior of Hubbard=s residence, and of two cars found in
the garage during the police search of the residence; (3) photographs of a gun
and of more than 20 trash bags full of prescription drug containers found in
Hubbard=s residence; (4) handwritten pages
from a day planner containing names of drugs, numbers of drug bottles,
initials, and monetary amounts; (5) a pistol, a revolver, and ammunition found
in Hubbard=s home; and (6) a framed photograph of appellant and Hubbard found in
Hubbard=s living room.

We review a trial court=s ruling on the admissibility of
evidence for abuse of discretion.  Willover v. State, 70 S.W.3d 841, 845
(Tex. Crim. App. 2002).  A trial court abuses its discretion when its decision
lies outside the zone of reasonable disagreement.  Green v. State, 934
S.W.2d 92, 101-02 (Tex. Crim. App. 1996).








An error in admitting evidence is not
reversible if the evidence was admitted elsewhere without objection.  Mitchell
v. State, 68 S.W.3d 640, 643 (Tex. Crim. App. 2002) (en banc).  A
complaining party must object each time allegedly inadmissible evidence is
offered.  Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984)
(en banc).  Any error in the admission of evidence is cured when the same
evidence comes in elsewhere without objection.  Id.  There is no error
in admitting a photograph where testimony about the photo is admitted without
objection.  Brown v. State, 696 S.W.2d 913, 914 (Tex. Crim. App. 1985)
(en banc).

The record reflects that all of the
relevance objections in question pertained to a search warrant for Hubbard=s home; to photographs of Hubbard=s home and of evidence from the home,
including photographs of the more than 20 garbage bags of prescription drugs;
and to guns, ammunition, writings, and a framed photograph of appellant and
Hubbard taken from the home.  Sergeant Minchew testified without objection
about each of these exhibits before their offers for admission.  Sergeant
Minchew answered questions about the contents and authenticity of the search
warrant; the contents of and accuracy of the photographs of evidence; the
contents of the writings and the reasons for their collection as evidence; the
identity, discovery, and chain of custody of the guns and ammunition; and the
contents and location of the framed photograph of appellant and Hubbard.

Appellant made no objection to
Sergeant Minchew=s testimony; his only objections were to the admission of the
exhibits themselves.  Under these circumstances, appellant waived any objection
to these exhibits by allowing Sergeant Minchew to testify to their substance
without objection.  See Tex. R. App. P. 33.1; Mitchell, 68 S.W.3d
at 643-44; Brown, 696 S.W.2d at 914.

We overrule appellant=s issue pertaining to relevancy
objections.  The trial court=s judgment is affirmed. 

 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed October 21, 2008.

Panel consists of Justices Yates,
Seymore and Boyce.

Do not publish C Tex.
R. App. P. 47.2(b).