Lionel TREVINO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–94–231–CR.

Court of Appeals of Texas,
Corpus Christi.

May 4, 1995.

David M. Jordan, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., Corpus Christi, Lisa Harris, Asst. Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

YAÑEZ, Justice.

Appellant, Lionel Treviño, appeals from his conviction for voluntary manslaughter. After convicting appellant, a jury assessed punishment at twenty years confinement. Appellant raises two points of error to challenge his conviction. Appellant argues that the trial court erred in denying him ten days to prepare for trial after the State obtained a new indictment and that the trial court erred in admitting in evidence two photographs of the victim. We reverse and remand for a new trial.

On March 22, 1992, appellant and Fernando Tovar, a/k/a Bernardo Tovar, engaged in an argument at the Plumber's Club, a neighborhood bar in Corpus Christi, Texas. Appellant claimed that Tovar insulted him and became belligerent for no particular reason. Appellant also claimed that Tovar flashed a gun and threatened to shoot him. An altercation ensued and appellant pulled out his knife. During the struggle, Tovar was stabbed and cut numerous times until eventually he died. At trial appellant claimed self-defense for the knife attack.

Appellant was originally indicted for the murder of Bernardo Tovar on April 2, 1992. After this indictment, counsel was appointed and appellant filed numerous motions including several for discovery and investigatory assistance. Appellant was released on bond on June 9, 1992. After several delays, appellant's trial was finally set to begin on May 2, 1994. On April 28, 1994, three days before trial, the State filed a new indictment in the case. The State sought the new indictment to charge appellant with the murder of "Fernando Tovar also known as Bernardo Tovar." The victim's name was the only change from the original indictment. On the day trial was to begin, appellant learned of the new indictment and immediately objected to starting the trial. After the trial court overruled appellant's objection, the trial began as scheduled.

■ By his first point of error, appellant argues that the trial court erred by forcing him to trial on May 2, 1994. Particularly, appellant claims that the trial court should have allowed him ten days after the new indictment was filed to file pleadings and prepare for trial. Appellant claims that he was entitled to this ten day period under article 27.11 of the Code of Criminal Procedure. Article 27.11 provides that

[i]n all cases the defendant shall be allowed ten entire days, exclusive of all fractions of

a day after his arrest, and during the term of the court, to file written pleadings. TEX.CODE CRIM.PROC.ANN. art. 27.11 (Vernon 1989). Appellant argues that article 27.11 should apply to his reindictment of April 28, 1994.

The State argues, however, that article 27.11 is inapplicable to appellant. The State argues that appellant received ten days preparation time after his arrest because appellant was arrested March 23, 1992. The State directs us to *Parra Gonzales v. State* in support of its position. *Parra Gonzales v. State*, 756 S.W.2d 413, 414–415 (Tex.App.— El Paso 1988, pet. ref'd). Yet, the *Parra Gonzales* court simply held that article 27.11 is inapplicable to reindictments when the new indictment is filed *more than ten days* before the defendant's trial begins. *Id.* at 415 (defendant reindicted twelve days before trial). That is, when a reindictment is filed more than ten days before trial, defendants' reliance upon article 27.11 for a ten day "filings" period is inappropriate.

While article 27.11 on its face dates the ten days preparation time from the time of arrest, in non-arrest cases the date that the new charging instrument is filed is used as the starting point. *Id.* at 415; *Johnson v. State*, 702 S.W.2d 691, 691 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). The filing of a new indictment constitutes the institution of a new case against the defendant. *Gonzales v. State*, 167 Tex.Crim. 377, 320 S.W.2d 679, 680 (App.1959). When a new indictment is filed, the new indictment is new in fact and not an amendment of the first indictment, and therefore, the defendant is entitled to ten entire days after the new indictment is filed to respond to the new indictment with written pleadings. *Pugh v. State*, 163 Tex.Crim. 258, 289 S.W.2d 929, 930 (App.1956). Here, the new indictment was filed three days before appellant's trial, and appellant did not learn of its existence until the day of trial.

When the provisions of article 27.11 are either formally or informally invoked, the statutory ten days must be afforded the accused. *Oliver v. State*, 646 S.W.2d 242, 245 (Tex.Crim.App.1983). Furthermore, since article 27.11 is a mandatory statute, there is no requirement that the defendant show harm; he must merely show that he made an affirmative request for the allowed statutory time, and such was refused. *Id.* In this case, appellant timely objected and invoked the mandatory provisions of article 27.11. We find that it was reversible error to deny appellant ten days to file pleadings after being reindicted. Appellant's first point of error is sustained.

Because of our disposition of point of error one, we need not address appellant's remaining point of error. TEX.R.APP.P. 90(a). Accordingly, judgment of the trial court is REVERSED and we REMAND this case for a new trial.