Wilson-S v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-198-CR

     SHERMAN WILSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 177th District Court
Harris County, Texas
Trial Court # 664,772
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Wilson appeals his conviction for theft by deception of five computer printers
valued at over $750 and under $20,000, for which he was sentenced to five years in the Texas
Department of Criminal Justice, Institutional Division.
      Swan Technology, a mail order company in Pennsylvania, pursuant to an order, shipped
eleven boxes containing computer printers to "Federated Electronics, 3106 Brazos, Houston,
Texas" via United Parcel Service. The shipment was made C.O.D. The 3106 Brazos address was
a vacant house.
      On October 30, 1990, the UPS delivery truck drove to 3106 Brazos and was met in the street
by Appellant and another to receive the shipment. The UPS man delivered five of the boxes to
Appellant and received from him a purported "certified check" on a Houston Bank. The UPS man
became suspicious and said he would deliver the rest of the boxes the next day. The "certified
check" was found to be bogus and UPS called in the police. On October 31, 1991, the UPS
delivery truck again arrived at the Brazos address. Appellant and Douglas Bledsoe arrived to
receive the shipment. Appellant signed for five more printers and gave the UPS man a purported
"certified check," which was also bogus. At this point the police, who had been alerted and were
watching from closeby, came onto the scene and arrested Appellant and Bledsoe.
      Appellant was indicted for theft by deception of five computer printers. Trial was to a jury
which convicted Appellant and sentenced him to five years in prison. In the punishment phase
three prior felony and one prior misdemeanor convictions were proved on Appellant. Additional
facts will be recited in the discussion of Appellant's points.
      Appellant appeals on 24 points of error.
      Point 1: "The trial court committed reversible error by overruling Appellant's objection to
the trial court ordering him to trial in Cause No. 664772, Notice Ground."
      Appellant was arrested on October 31, 1990, released on bail on November 1, 1990, and
indicted in Cause No. 579970 on January 1, 1991.
      The indictment reads in pertinent part:
            [In] Harris County, Texas, Sherman Wilson . . . heretofore on or about October
31, 1990, did then and there unlawfully appropriate by deception, property,
namely Five Computer Printers, owned by David Kroll, hereafter styled the
complainant, of the value of over $750 and under $20,000, with the intent to
deprive the complainant of the property, and without the effective consent of the
complainant.
      Appellant remained free on bail. Cause No. 579970 was set some 20 times. On May 19,
1993, Appellant was reindicted in Cause No. 664772, the instant case. The only difference in the
two indictments is that the name of David Kroll was changed to Emily Spicer in the reindictment.
      Appellant's trial was set for August 2, 1993. The court held that all of Appellant's prior
motions filed in Cause No. 579970 would apply in the reindictment Cause No. 664772, the instant
case.
      Appellant contends the trial court erred in overruling his objection to proceeding to trial on
the ground that he did not have notice of cause in No. 664662.
      Article 25.03, Texas Code of Criminal Procedure, provides "where an accused, in the case
of felony, is on bail at the time the indictment is presented, it is not necessary to serve him with
a copy." Parra Gonzales v. State, 756 S.W.2d 413, 415 (Tex. App.—El Paso 1988).
      Here, Appellant was reindicted on May 19, 1993. He was free on bond at the time. His trial
began August 2, 1993, three months after the reindictment. The State's file was open and
available to Appellant from the beginning of the case. Because Appellant was out on bond he was
not entitled to be served with a copy of the reindictment.
      Point 1 is overruled.
      Points 2, 3 and 6: "The trial court committed reversible error by overruling Appellant's
objection to the trial court ordering the undersigned lawyer to represent Appellant in Cause No.
664772."
      Appellant contends he was harmed because his attorney was forced by the trial court to
represent him. He alleged violation of the Thirteenth Amendment which prohibits involuntary
servitude; that his attorney was employed in Cause No. 579970 but was forced to represent him
in Cause No. 664662; that he was deprived of his right to counsel of choice.
      There is no evidence to support Appellant's contention that his counsel was forced to represent
him. His counsel was not appointed by the court; he was not held in contempt for saying he would
not represent Appellant; his counsel filed no motion to withdraw; there is no evidence the trial
judge prohibited Appellant's counsel from leaving the court area; Appellant never stated he did
not want his counsel to continue; and Appellant raises no issue of ineffective assistance of counsel.
      The original indictment had been carried on the trial docket for almost three years. 
Appellant's counsel was retained by Appellant at the beginning of the case. When Appellant was
reindicted the only change was in the name of the complaining witness, a person employed by
Swan Technologies, the company from which the computers were ordered.
      Appellant's points 2, 3 and 6 are overruled.
      Point 4: "The trial court committed reversible error by overruling Appellant's objection to
the trial court ordering Appellant to trial in Cause No. 664772. Article 27.11 Ground."
      Appellant argues that Article 27.11, Texas Code Criminal Procedure, which provides, "in all
cases the defendant shall be allowed ten entire days . . . after his arrest to file written pleadings,"
gives him an additional ten-day period before trial.
      Appellant was not arrested on August 2, 1993. The reindictment was filed on May 19, 1993. 
Appellant was free on bail at that time for the same offense. The reindictment did not allege a
different offense. The only change in the reindictment was the change in the name of the alleged
owner of the property. An allegation of ownership is a rule of pleading and is not a part of the
definition of the offense of theft. Because a corporation cannot itself testify to give direct
testimony of ownership, it is proper and the better practice to allege both ownership and lack of
consent in a natural person who acted for the corporation. Freeman v. State, 707 S.W.2d 597,
603, 605 (Tex. Crim. App. 1986).
      Appellant's trial began nearly three months after the reindictment. Article 27.11 is
inapplicable to reindictments when the reindictment is filed more than ten days before the
defendant's trial begins. Trevino v. State, 900 S.W.2d 815, 817 (Tex. App.—Corpus Christi
1995, no pet.).
      Point 4 is overruled.
      Point 5: "The trial court committed reversible error by overruling Appellant's objection to
the trial court ordering Appellant to trial in Cause No. 664772. Article 26.03 Ground."
      Appellant contends his arraignment was two days premature pursuant to Article 26.03, Texas
Code Criminal Procedure.
      Article 26.03 provides: "No arraignment shall take place until the expiration of at least two
entire days after the day on which a copy of the indictment was served on the defendant, unless
the right to such copy or to such delay be waived, or unless the defendant is on bail."
      Because Appellant was free on bail at the time of reindictment, Article 26.03 is inapplicable.
      Point 5 is overruled.
      Point 7: "The trial court committed reversible error by overruling Appellant's objection to
the trial court ordering the undersigned lawyer to represent Appellant in Cause No. 664772. 
Article I Section 3. Ground, Equal Rights."
      Specifically, Appellant "maintains that if, indeed any statute permits the trial court to force
him specifically or accused felons to trial under a new indictment when the accused was and
remains released on bail on an old indictment, then such statute violates constitutional rights
inasmuch as such statute was promulgated without any reasonable basis and is therefore purely
arbitrary."
      Appellant does not identify the statute of which he complains, cites no relevant authority, and
thus presents nothing for review.
      Point 7 is overruled.
      Points 8, 9, 10 and 12: "The trial court committed reversible error by overruling Appellant's
objection to the trial court ordering the undersigned lawyer to represent Appellant in Cause No.
664772, Article I, Section 13. Ground, Cruel or Unusual Punishment; Article I, Section 13. 
Ground, Due Course of Law; Article I, Section 19. Ground, Due Course of Law and Abuse of
Discretion."
      Appellant argues that when a trial court directs a lawyer to represent an accused without
compensation, as well as against both the lawyer's will and the accused's choice, such is either
cruel or unusual punishment.
      There is no evidence to support Appellant's contentions. Appellant's counsel was not
appointed. There is no evidence Appellant was eligible for appointed counsel. Counsel was hired
by Appellant for Cause No. 579970, and Cause No. 664772 is a reindictment of the prior cause.
      Points 8, 9, 10 and 12 are overruled.
      Point 11: "The trial court committed reversible error by overruling Appellant's objections
to the trial court ordering Appellant to trial in Cause No. 664772. Article 1.14(b) Ground.
      Specifically, Appellant contends the trial court erred in ordering him to trial without giving
him an opportunity to preserve his complaint that his indictment was defective in not alleging the
manner and means of the commission of the offense.
      Appellant's indictment in Cause No. 664772, filed May 19, 1993, is a reindictment of No.
579970, filed January 2, 1991. Both indictments allege the exact same offense. The only change
is in the name of the owner of the property. Appellant had nearly three years to preserve this
complaint. At the evidentiary hearing on Appellant's motion for a new tral, Appellant's counsel
stated that he made a tactical decision not file a motion to quash the indictment.
      Point 11 is overruled.
      Point 13: "The trial court committed reversible error by denying accused's objection to and
challenge of the trial court's jurisdiction"
      Appellant challenges the jurisdiction of the 177th District Court of Harris County on the
ground that it is subject to at-large voting and that at-large voting is illegal.
      The Fifth Circuit Court of Appeals has resolved this issue against Appellant as it has held that
the at-large election of trial judges in Harris County is not illegal. League of United Latin
American Citizens v. Clements, 999 F.2d 831, 837 (5th Cir.1993), cert. denied, 114 S.Ct. 878,
127 L.Ed.2d 74; Singleton v. State, 881 S.W.2d 207, 210 (Tex. App.Houston [1st Dist.] 1994).
      Point 13 is overruled.
      Point 14: "The trial court committed reversible error by denying accused's motion for
continuance in Cause No. 664772: Illness Ground."
      On the day of trial Appellant sought a continuance on the ground his counsel was suffering
from blackouts of an unknown cause. His motion was denied. Appellant's counsel represented
him throughout both the guilt/innocence and punishment phases. He had no blackouts. Appellant
has not claimed his counsel's assistance was ineffective. Other than Appellant's statements, there
is no evidence that counsel was incapacitated.
      The granting of a continuance on account of sickness of counsel is a matter within the
discretion of the trial court. Rosales v. State, 841 S.W.2d 368, 372 (Tex. Crim. App. 1991).
      Point 14 is overruled.
      Points 15 and 16: "The trial court committed reversible error by overruling Appellant's
objections to illegally seized and converted evidence. Article I, Section 9: Fourth Amendment
Ground.
      Specifically, Appellant complains of the admission into evidence of six bogus cashiers checks,
all bearing the same number, which were found in the automobile in which Appellant arrived at
the scene. The search was a routine inventory search the police made of the vehicle after
Appellant and his co-defendant were arrested.
      Appellant was only a passenger in the car. A passenger in a car does not have the standing
to challenge the search of the car. Howard v. State, 888 S.W.2d 166, 174 (Tex. App.—Waco
1994, pet. ref'd).
      More importantly, the evidence was admissible because it was obtained as the result of a
lawful inventory of the car. Colorado v. Bertine, 107 S.Ct. 743 (1987). An inventory is
permissible if conducted pursuant to a lawful impoundment. Benevides v. State, 600 S.W.2d 809,
810 (Tex. Crim. App. 1980). Inventories and impoundments of a vehicle are logical and proper
consequences of an arrest. Word v. State, 659 S.W.2d 643, 646 (Tex. Crim. App. 1982).
      Appellant was arrested prior to the inventory search of the car. A warrantless search of the
vehicle in which Appellant was a passenger was therefore justified as a search incident to a lawful
arrest. Soto v. State, 810 S.W.2d 861, 864 (Tex. App.—Fort Worth 1991, pet ref'd).
      Points 15 and 16 are overruled.
      Points 17, 18 and 19: "The State committed reversible error by making the following
manifestly improper arguments to the jury on the issue of Appellant's guilt:
                  Ladies and gentlemen, we all know that when you go up to the UPS guy
and sign off on the dotted line, that that's your stuff, that you've acquired
possession of it.
                  When you sign on the dotted line and he draws that line across the stuff that
you've just bought with this check, you's acquired it.
                  He doesn't even have to unload the equipment, you don't have to get to that
point.

      Appellant contends the argument misstated the law and that his actions did not constitute
appropriation of the property.
      The area of permissible jury argument encompasses four categories: (1) summation of the
evidence, (2) reasonable deductions from the evidence, (3) answer to argument of opposing
counsel, and (4) plea for law enforcement. Borjan v. State 787 S.W.2d 53, 55. (Tex. Crim. App.
1990).
      A person commits theft if he unlawfully appropriates property with intent to deprive the owner
of same. Texas Penal Code § 31.03. "Appropriate" means to acquire or otherwise exercise
control over property other than real property. Tex. Penal Code, § 31.01 (4)(B). The jury
charge contained this statutory definition of "appropriate." Appellant did not object to the
definition in the charge.
      Paul Heinz testified he drove the UPS truck containing the packages for delivery to the Brazos
Street address; that Appellant and another pulled up in a car and asked Heinz what he was doing. 
Heinz said he was attempting to make a C.O.D. delivery and identified the shipper and the amount
due. Appellant gave Heinz a cashiers check. Heinz told Appellant the amount of the cashiers
check was only enough for six of the packages. Appellant signed for the six packages and gave
Heinz the check. Heinz testified that once Appellant signed for the packages and gave his check
to Heinz, the parcels were delivered and that when the recipient signed for the delivery the
recipient was authorized to retain possession.
      The police officers were to move in when Heinz raised his clipboard indicating Appellant had
signed and Heinz had received the check.
      This evidence was sufficient to show that Appellant acquired or exercised control over the
property. The prosecutor did not misstate the law in his argument and such was not improper.
      Points 17, 18 and 19 are overruled.
      Point 20: "The trial court committed reversible error by denying accused's original motion
in arrest of judgment."
      Point 21: The trial court committed reversible error by denying accused's amended motion
for a new trial."
      Specifically, Appellant contends that the trial court erred in overruling his motion in arrest
of judgment and his amended motion for a new trial because his indictment was fatally defective
by failing to allege the manner and means by which Appellant appropriated the computer printers. 
      Objections to an indictment must be made prior to trial in the form of a written motion to
quash. Clark v. State, 577 S.W.2d 238, 240 (Tex. Crim. App. 1979). A defendant is precluded
from attacking an indictment for the first time in a motion for arrest of judgment or in a motion
for a new trial. Francis v. State, 801 S.W.2d 548, 552 (Tex. App.—Houston [14th Dist.] 1990).
      This indictment is a reindictment of Cause 579970 filed January 9, 1991. The two
indictments allege the same offense and are exactly the same except for the name of the
representative of the corporation owner of the property. Appellant had three years to file a motion
to quash on the ground the indictment was defective by failing to allege the manner and means by
which Appellant appropriated the computer printers. Appellant's counsel testified he made a
tactical decision not to file a motion to quash the indictment. Appellant has waived his claims. 
See the discussion under Point 11.
      More importantly the indictment is not fatally defective. An indictment need only allege the
elements of offense of theft. Johnson v. State, 867 S.W.2d 137, 173 (Tex. App.—Houston [1st
Dist.] 1993, pet ref'd). To plead theft, the State has to allege that the accused appropriated
property with the intent to deprive the owner of it. Chavez v. State, 843 S.W.2d 586, 588 (Tex.
Crim. App. 1992). The manner by which the defendant came to possess the property is not an
essential element of theft. Johnson, supra. The manner of acquisition or the circumstances
surrounding the acquisition are evidentiary matters and there is no requirement that the State plead
evidentiary matters. Moreno v. State, 721 S.W.2d 295, 300 (Tex. Crim. App. 191986); Berg v.
State, 747 S.W.2d 800, 809 (Tex. Crim. App. 1984).
      Points 20 and 21 are overruled.
      Point 22: "The evidence is insufficient as a matter of law to sustain the jury's verdict of
guilty."
      The standard for reviewing the sufficiency of the evidence is whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt when viewing
the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307,
318, 319. S.Ct. 2781, 61 L.Ed.2d (1970); Geesa v. State, 820 S.W.2d 154, 163 (Tex. Crim. App.
1991).
      The record reflects that Appellant ordered the computer printers sent to the address of a
vacant house; met the delivery of the property in the street when it arrived; signed the UPS slip
for the property; gave the driver a bad check for the property; helped unload the property; and
placed some of it in the car he came to the scene in. A reasonable factfinder could find Appellant
committed the offense of theft as alleged in the indictment.
      Point 22 is overruled.
      Point 23 and 24: "A juror, Ignacio Acevendo, and a juror, Manuel Adam Salinas,
misrepresented their criminal histories and Appellant relied on such misrepresentation."
      Appellant states in his brief that had he known of their criminal histories he would have struck
these two veniremen.
      Appellant provides no evidence that these two jurors misrepresented their histories. Appellant
had an evidentiary hearing on his motion for a new trial and did not raise the issue at such hearing. 
Appellant brings in nothing to review under these two points.
      Points 23 and 24 are overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 17, 1996
Do not publish