

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00131-CR

**MARK GREEN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court**
**Navarro County, Texas**
**Trial Court No. C34826-CR**

## MEMORANDUM OPINION

In two issues, appellant, Mark Allen Green, challenges his conviction for continuous sexual abuse of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2013). We affirm.

### I. BACKGROUND

On July 19, 2012, a Navarro County grand jury indicted appellant for one count of aggravated sexual assault and one count of indecency with a child. However, this indictment was dismissed, and on March 21, 2013, appellant was re-indicted by a

Navarro County grand jury in a new trial court cause number for a different offense—continuous sexual abuse of a child. Appellant pleaded not guilty to the charged offense, and a jury trial commenced. At the conclusion of the evidence, the jury found appellant guilty of continuous sexual abuse of a child and sentenced him to fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice with a $10,000 fine. The trial court certified appellant's right of appeal, and this appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, appellant complains that his trial counsel did not provide effective assistance of counsel.

### A. Applicable Law

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must show that counsel was so deficient as to deprive appellant of his Sixth Amendment right to counsel. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Second, appellant must show that the deficient representation was prejudicial and resulted in an unfair trial. *Id.* To satisfy the first prong, appellant must show that his counsel's representation was objectively unreasonable. *Id.*; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To satisfy the second prong, appellant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812. A reasonable

probability exists if it is enough to undermine the adversarial process and thus the outcome of the trial. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). The appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. Our review is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Mallett*, 65 S.W.3d at 63; *Thompson*, 9 S.W.3d at 813.

The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). "Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination." *Ex parte Welborn*, 875 S.W.2d 391, 393 (Tex. Crim. App. 1990). Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and an allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813.

Trial court counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Specifically, when the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Therefore, absent specific explanations for counsel's

decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). Though the record is silent as to the reasons for most of trial counsel's conduct, we will examine the record to determine if trial counsel's conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Goodspeed*, 187 S.W.3d at 392).

## B.    Discussion

First, appellant contends that his trial counsel did not provide effective assistance of counsel because trial counsel did not object to the indictment under article 28.10(c) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10(c) (West 2006). Article 28.10 refers to the amendment of an indictment or information, and subsection (c), in particular, provides that: "An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." *Id.* Appellant argues that "[h]ad [t]rial [c]ounsel objected, he would not have had to try the case under the new indictment."

However, contrary to appellant's assertions, the record reflects that the original indictment was dismissed and that appellant was re-indicted in a different trial court

cause number for the offense of continuous sexual abuse of a child. Accordingly, article 27.11 of the Texas Code of Criminal Procedure, rather than article 28.10, applied. *Id.* art. 27.11 (West 2006). Specifically, article 27.11 states that: "In all cases[,] the defendant shall be allowed ten entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings." *Id.*; *see Trevino v. State*, 900 S.W.2d 815, 817 (Tex. App.—Corpus Christi 1995, no pet.). Moreover, in *Trevino*, the Corpus Christi Court of Appeals noted that:

> While article 27.11 on its face dates the ten days preparation time from the time of arrest, in non-arrest cases the date that the new charging instrument is filed is used as the starting point. The filing of a new indictment constitutes the institution of a new case against the defendant. When a new indictment is filed, the new indictment is new in fact and not an amendment of the first indictment, and therefore, the defendant is entitled to ten entire days after the new indictment is filed to respond to the new indictment with written pleadings.

900 S.W.2d at 817; *see, e.g., Clair v. State*, No. 2-03-507-CR, 2006 Tex. App. LEXIS 1661, at **7-10 (Tex. App.—Fort Worth Mar. 2, 2006, no pet.) (mem. op., not designated for publication) (rejecting appellant's argument that the trial court erred by putting her on trial on a new indictment "without time to prepare" because (1) article 28.10 did not apply to the new indictment and (2) article 27.11's requirements were met given that appellant had eleven days from the date of the new indictment until the date of trial).

Because article 27.11, rather than article 28.10, applied to the indictments in this case, an objection under article 28.10 would have been meritless. Furthermore, appellant was re-indicted on March 21, 2013, and jury selection commenced on April 1, 2013. Given these dates, the State complied with the ten-day notice requirement

specified by article 27.11. *See* TEX. CODE CRIM. PROC. ANN. art. 27.11; *see Trevino*, 900 S.W.2d at 817. Accordingly, because the record is silent as to trial counsel's strategy, and because the complained-of objection is meritless, we cannot say that trial counsel was ineffective for failing to object under article 28.10, in response to the new indictment. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Lopez*, 343 S.W.3d at 142.

Next, appellant contends that trial counsel's statements in open court that he could not render effective assistance of counsel under the new indictment were sufficient to presume prejudice to the defense. We disagree. A review of the record shows that trial counsel actively participated in trial. In particular, trial counsel participated at length in the voir dire of the jury panel, cross-examined most of the State's witnesses, and presented a defense case that included numerous witnesses. Thus, we cannot say that trial counsel's representation of appellant fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Roberts*, 220 S.W.3d at 533; *Thompson*, 9 S.W.3d at 813; *Ex parte Welborn*, 875 S.W.2d at 393.

Appellant also argues that trial counsel was ineffective because he failed to secure a necessary expert witness to testify about the veracity of the child victim's outcry of sexual abuse. The record does not support this claim. In fact, the record reflects that appellant's trial counsel offered Shara Lattimore, a forensic interviewer for the Gingerbread House in Ellis County, Texas, as a defense expert regarding forensic interviewing. The State challenged Lattimore's testimony, and the trial court conducted

a hearing outside the presence of the jury. At the hearing, Lattimore explained her qualifications and experience. The trial court deferred ruling on the State's challenge. However, for reasons not explained in the record, appellant's trial counsel chose not to call Lattimore as a witness. Nevertheless, the record reflects that trial counsel offered multiple witnesses whose testimony conflicted with that of the child victim. Moreover, appellant's trial counsel cross-examined the State's witnesses about the child victim's truthfulness regarding the outcry in this case. Additionally, appellant's trial counsel elicited testimony that the child victim made an initial claim of sexual abuse to her friend but later denied the sexual abuse when confronted. Further, appellant's trial counsel attacked the child victim's truthfulness in his closing argument. In any event, without any explanation in the record regarding trial counsel's decision to not call Lattimore, we cannot say trial counsel was ineffective. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Roberts*, 220 S.W.3d at 533; *Thompson*, 9 S.W.3d at 813; *Ex parte Welborn*, 875 S.W.2d at 393.

And finally, appellant alleges that his trial counsel was ineffective because he allegedly filed a frivolous motion for new trial. Appellant does not adequately explain that but for the filing of an alleged frivolous motion for new trial, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *see also Mallett*, 65 S.W.3d at 62-63; *Thompson*, 9 S.W.3d at 812. Thus, appellant did not satisfy the second prong of *Strickland*. *See* 466 U.S. at 694, 104 S. Ct. at 2068; *see also Mallett*, 65 S.W.3d at 62-63; *Thompson*, 9 S.W.3d at 812.

Because the record is silent as to trial counsel's strategy, and because we look to the totality of the representation, we cannot say that appellant has satisfied his burden of proving by a preponderance of the evidence that his trial counsel was ineffective. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Thompson*, 9 S.W.3d at 813; *see also Gamble*, 916 S.W.2d at 92. We therefore overrule appellant's first issue.

### III. APPELLANT'S MOTION FOR CONTINUANCE

In his second issue, appellant asserts that the trial court abused its discretion by denying his motion for continuance. In this issue, appellant relies heavily on trial counsel's statement that he could not effectively represent appellant without a continuance.

### A. Applicable Law

The denial of a motion for continuance is within the sound discretion of the trial court, and we review a trial court's denial of a motion for continuance for an abuse of discretion. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006); *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). An appellant claiming erroneous denial of a motion for continuance must show: (1) the trial court erred in denying the motion for continuance; and (2) such denial harmed him in some tangible way. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).

### B. Discussion

On appeal, appellant complains that his trial counsel was unprepared for trial because he was unable to properly investigate the expanded time period and multiple acts of sexual abuse encompassed under the continuous-sexual-abuse-of-a-child statute,

and because he could not investigate a purported second child's allegation. At the outset, we note that the record does not reflect that the State alleged a second victim in the presentation of its case. Additionally, appellant does not assert that he was unfairly surprised at trial or was unable to effectively cross-examine witnesses. Instead, he relies on the bare assertion of his trial counsel that he was unprepared to try the re-indicted offense. *See Latimer v. State*, 319 S.W.3d 128, 132 (Tex. App.—Waco 2010, no pet.) ("A bare assertion that counsel did not have adequate time to prepare for trial is not sufficient proof of prejudice." (citing *Renteria*, 206 S.W.3d at 702; *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995))).

And as mentioned above, the re-indictment complied with the ten-day notice provision of article 27.11 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 27.11. Moreover, the record reflects that appellant's trial counsel was aware of multiple allegations of sexual abuse, as indicated by the initial indictment for aggravated sexual assault and indecency with a child.[1] Furthermore, appellant's trial counsel admitted viewing on two separate occasions a forensic interview conducted by Lydia Bailey, wherein the child victim recounted multiple incidents of sexual abuse that began in Navarro County and continued when appellant moved to Ellis County.[2] And finally, at the hearing on appellant's motion for continuance, the trial court mentioned

---

[1] Indeed, in his motion to quash the initial indictment, appellant's trial counsel acknowledged that the child victim had alleged "conduct giving rise to the Indictment [that] did not take place in Navarro County." This acknowledgement indicates trial counsel's awareness of the numerous allegations of sexual misconduct made by the child victim.

[2] The child victim informed Bailey that appellant perpetrated numerous instances of sexual abuse first in Navarro County and culminating with a rape in Palmer, Ellis County, Texas.

that this case had "been continued several times." Based on the foregoing, we conclude that appellant has not established any specific prejudice resulting from the trial court's denial of his motion for continuance. *See Gonzales*, 304 S.W.3d at 843. Accordingly, we cannot conclude that the trial court abused its discretion in denying appellant's motion for continuance. *See Renteria*, 206 S.W.3d at 699; *see also Janecka*, 937 S.W.2d at 468. We overrule appellant's second issue.

## IV. CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed June 26, 2014
Do not publish
[CRPM]