

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00267-CR

_____

DAKOTA LAYNE MITCHELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1595299R

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Dakota Layne Mitchell appeals from his conviction and five-year sentence for one count of aggravated sexual assault of a child, *see* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (2)(B), and from his convictions and two-year sentences for three counts of indecency with a child, *see id.* § 21.11(a)(1). On appeal, he raises three complaints: (1) the trial court abused its discretion by denying his motion for a continuance; (2) no evidence proves venue for one of the indecency counts; and (3) the trial court improperly admitted testimony from a sexual assault nurse examiner's supervisor about the nurse examiner's report in violation of Mitchell's Sixth Amendment confrontation right. We affirm.

## II. BACKGROUND

Mitchell began a dating relationship with the complainant when she was twelve and he was seventeen. The complainant testified that during that relationship Mitchell digitally penetrated her on one occasion. She also testified that, on a different occasion, he touched her sexual organ and breasts over her clothes. *See id.* § 21.11(c)(1). The complainant testified further that, on yet another occasion, Mitchell grabbed her hand and made her touch his sexual organ over his clothes (Count Three). *See id.* § 21.11(c)(2).

A jury convicted Mitchell of one count of aggravated sexual assault and three counts of indecency with a child. The jury assessed Mitchell's punishment for the

2

aggravated sexual assault at five years' confinement and for each indecency count at two years' confinement. The trial court sentenced Mitchell according to the jury's verdict and ordered that all the sentences would run concurrently.

## III. DISCUSSION

Mitchell contends on appeal that the trial court abused its discretion by denying his motion for continuance, that the State failed to prove venue for Count Three, and that the trial court violated his Sixth Amendment confrontation right by allowing a supervisor to testify about a sexual assault nurse examiner's (SANE) examination of the complainant.

## A. Continuance Properly Denied

In his first point, Mitchell claims that the trial court abused its discretion by denying his motion for continuance, in which he alleged (1) that he did not receive sufficient notice of a direct reindictment, which alleged Count Three for the first time, and (2) that he did not have adequate time to prepare for trial on Count Three.

### 1. Applicable Facts

The original grand jury indictment was filed on March 10, 2017. The indictment alleged that Mitchell had committed one count of aggravated sexual assault and one count of indecency against the complainant (by touching her genitals) on or about October 31, 2014, and that he had committed two counts of indecency against

3

the same complainant on or about November 15, 2014. A direct reindictment[1] by the grand jury was filed on May 10, 2019. The direct reindictment contained the same four counts included in the original indictment but added Count Three, another indecency count alleged to have occurred on October 31, 2014 (by causing the complainant to touch Mitchell's genitals).[2] Additionally, while the original indictment had used a pseudonym for the complainant, the direct reindictment used her actual name. The case was set for trial on May 21, 2019.

Although the record contains a Writ to Serve Indictment issued by a Tarrant County Deputy Clerk on May 13, 2019, the officer's return on the document was not completed. The trial court clerk's transaction list in the appellate record shows the reindictment was filed on May 10, 2019, and contains a notation for May 13, 2019, stating, "Indictment Emailed to Attorney."

Mitchell's counsel received the direct reindictment on May 13, 2019. On May 15, 2019, Mitchell's counsel filed a verified motion for continuance, in which he argued that he had received the direct reindictment copy "less than 10 calendar days before the start of trial" and asked for a continuance for "adequate time to prepare for trial."

---

[1]A reindictment is a new indictment; therefore, it is not subject to the rules for amended indictments. *Wisenbaker v. State*, 782 S.W.2d 534, 536 (Tex. App.—Houston [14th Dist.] 1989, no pet.).

[2]The State waived one of the indecency counts from the original indictment at trial; thus, only four counts total were submitted to the jury.

4

The trial court held a May 17, 2019 pretrial hearing, at which Mitchell's counsel told the trial court that Count Three—the new indecency count in the direct reindictment—had resulted from the complainant's outcry to Tarrant County District Attorney's Office staff during a pretrial interview; he therefore sought recusal of the entire District Attorney's office. Also at the hearing, Mitchell's counsel informed the trial court that although he had received a cryptic "TechShare"[3] email that identified a new cause number eleven days before trial, he did not know the email referred to the reindictment, and he could not see the reindictment because "the indictment is not in the system." Because he was not able to see the reindictment until he received a copy from the district clerk—"under the 10 days required for Defense to prepare," in his words—he argued that Mitchell was "being denied his constitutional right to counsel" and effective assistance of counsel as to Count Three.

The prosecutor told the trial court that on May 10, 2019, he left a message with Mitchell's counsel's legal secretary that the case had been reindicted; Mitchell's counsel admitted that he had received the message from his legal secretary but that she had told him "no" when he asked her if there was "anything new" in the reindictment. The prosecutor also told the trial court that twelve days before trial, he had uploaded his notes from the State's interview with the complainant—containing

---

[3]TechShare is the system through which the State electronically shares documents with defense attorneys. *Moore v. State*, No. 02-17-00277-CR, 2018 WL 3968491, at *10 (Tex. App.—Fort Worth Aug. 16, 2018, pet. ref'd) (mem. op., not designated for publication).

her statement supporting Count Three—into TechShare and had made the notes accessible to Mitchell's counsel. The trial court "overrul[ed] the objections," finding specifically that "the 10 days' notice was in effect."

After trial, the State moved to dismiss the original indictment. The trial court granted the motion.

### 2. Standard of Review and Applicable Law

Because "[t]he granting or denying of a motion for continuance is within the sound discretion of the trial court," *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006), we review a trial court's ruling on a motion for continuance for an abuse of discretion, *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). A trial court abuses its discretion by denying a motion for continuance when the record shows that the defendant was prejudiced by his counsel's inadequate preparation time. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995).

Code of Criminal Procedure Article 27.11 provides that "[i]n all cases the defendant shall be allowed ten entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings." Tex. Code Crim. Proc. Ann. art. 27.11. The Texas Court of Criminal Appeals has construed this article to mean that when an accused invokes Article 27.11, whether formally or informally, he must be given the statutory ten days to prepare. *Oliver v. State*, 646 S.W.2d 242, 245 (Tex. Crim. App. [Panel Op.] 1983). When a defendant is entitled to be served with a copy of an indictment, the ten days run from the date of service. Tex. Code Crim.

6

Proc. Ann. art. 27.12; *see id.* art. 25.01 (providing that an accused who is in custody when a felony indictment is issued is entitled to immediate, formal service of a certified copy of the indictment by the sheriff).[4]  But when the accused is not entitled to formal service of the indictment, "the date that the new charging instrument is filed is used as the starting point."  *Trevino v. State*, 900 S.W.2d 815, 817 (Tex. App.—Corpus Christi–Edinburg 1995, no pet.).  An accused is not entitled to formal service of an indictment when he has been released on bail at the time a felony indictment is presented; in such a circumstance, the accused is entitled only to have the clerk deliver a copy of the indictment to him or to his counsel "at the earliest possible time."  Tex. Code Crim. Proc. Ann. art. 25.03.

### 3.  Application of Law to Facts

Here, Mitchell had been released on bond when the grand jury reindicted him. Thus, the ten days' notice required by Article 27.11 ran from May 10, 2019, the date the reindictment was filed; Mitchell had ten entire days—May 11, 2019, through May 20, 2019—to prepare for his May 21, 2019 trial after the reindictment's filing date.  Therefore, Mitchell received the full ten days required by Article 27.11, and the trial court did not err by denying him additional time under the applicable statutes.

---

[4]The purpose of the "right to time" statutes, which includes Articles 25.01, 27.11, and 27.12, "is to afford the accused or his counsel the opportunity to carefully examine the formal accusation and to prepare and file any necessary pleadings relating thereto."  *Roberts v. State*, 93 S.W.3d 528, 532 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (citing *Oliver*, 646 S.W.2d at 245).

*See Parra Gonzales v. State*, 756 S.W.2d 413, 414–15 (Tex. App.—El Paso 1988, pet. ref'd), *overruled in part on other grounds by Mock v. State*, 848 S.W.2d 215, 225 (Tex. App.—El Paso 1992, pet. ref'd) (overruling *Parra Gonzales* to the extent it held that accused's proffered punishment evidence was inadmissible, contrary to amended Code of Criminal Procedure Article 37.07); *see also Clair v. State*, No. 2-03-507-CR, 2006 WL 496035, at *3 (Tex. App.—Fort Worth Mar. 2, 2006, pet. ref'd) (mem. op., not designated for publication) (holding that eleven days between reindictment and trial start date was sufficient under Article 27.11 when defendant was on bail when reindictment was filed).

In addition to arguing on appeal that his counsel did not have adequate notice under Article 27.11, Mitchell also argues that he was prejudiced by the trial court's denial of his motion for continuance because he did not have adequate time to prepare for trial. Although a trial court can abuse its discretion by denying a motion for continuance when doing so results in representation by unprepared counsel, the bare assertion that counsel did not have time to interview a State's potential witness or investigate discovery for potential mitigating evidence does not by itself establish prejudice. *See Gallo*, 239 S.W.3d at 764; *Heiselbetz*, 906 S.W.2d at 512.

Mitchell argues that his counsel was "clearly surprised" by the Count Three allegation; as his counsel told the trial court at the May 17, 2019 pretrial hearing, "I went back through the entire file and there is no reference to her ever making contact with his genitalia or anything else until the outcry to the two ADAs and the DA's

8

office." He "complained that he had not had an opportunity to interview any of those DA office employees."[5] But although counsel made this general argument, the trial court ruled (1) that "Count Three is not going to be used as an outcry," i.e., that the DA's office witnesses were not going to be allowed to testify to what the complainant told them, and (2) that the defense would be entitled to cross-examine the complainant about all of the alleged sexual acts. Mitchell does not explain how finding out about Count Three—one of several specific acts to which the complainant testified—a week before trial specifically prejudiced his defense or his cross-examination of the complainant. *See, e.g.*, *Heiselbetz*, 906 S.W.2d at 512. Accordingly, we overrule Mitchell's first point.

## B. Venue Presumed

In his second point, Mitchell contends that the State did not prove sufficient facts to establish venue for Count Three in Tarrant County, Texas. Venue is presumed to have been proven at trial unless venue is "disputed in the trial court" or "the record affirmatively shows the contrary." Tex. R. App. P. 44.2(c)(1); *Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014). The record "affirmatively shows the

---

[5]On appeal, Mitchell makes an argument that he did not make at trial: that the direct reindictment expands the State's theory of liability by changing the indecency allegations to allege not only that Mitchell intended to arouse or gratify his sexual desire by committing the acts but also that Mitchell intended to arouse or gratify the sexual desire "of any person." But Mitchell did not make this argument in the trial court; therefore, it is not preserved. *See, e.g.*, *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

contrary" if it "affirmatively negates whatever proof was made by the State on the matter of venue." *Holdridge v. State*, 707 S.W.2d 18, 19 n.2, 21–22 (Tex. Crim. App. 1986) (relying on predecessor to Rule 44.2(c)(1) that contained substantively the same language); *see Eme-Odunze v. State*, No. 14-14-00601-CR, 2016 WL 792504, at *4 (Tex. App.—Houston [14th Dist.] Mar. 1, 2016, pet. ref'd) (mem. op., not designated for publication).

Although Mitchell argues that the State did not present sufficient evidence of venue for Count Three, he did not dispute venue at trial, nor does he point to any evidence affirmatively negating venue. Thus, we must presume that the State sufficiently proved venue for Count Three at trial. *See* Tex. R. App. P. 44.2(c)(1); *Holdridge*, 707 S.W.2d at 21–22; *Dill v. State*, 895 S.W.2d 507, 508 (Tex. App.—Fort Worth 1995, no pet.) ("Not only does the record in this case fail to prove that venue was improper in Denton County, but appellant does not even allege that venue was improper in Denton County. Instead, appellant simply argues that the evidence was insufficient to prove venue was proper in Denton County."). We overrule Mitchell's second point.

## C. Sixth Amendment Objection Not Preserved

Mitchell argues in his third point that the trial court violated his Sixth Amendment right to confront witnesses against him by allowing the SANE's supervisor, who had not examined the complainant, to testify about the SANE's examination of the complainant and to sponsor the SANE's examination report.

10

Mitchell did not object at trial to the supervisor's testimony, nor did he make any Sixth Amendment confrontation complaint. Further, he affirmatively stated, "No objection," when the State proffered the SANE's report as a business record.

To preserve a complaint for appeal that the trial court violated a defendant's Sixth Amendment right to confront a witness, the defendant must have objected on that basis at trial. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004); *Taylor v. State*, 264 S.W.3d 914, 917 (Tex. App.—Fort Worth 2008, no pet.); *see also* Tex. R. App. P. 33.1(a)(1). Because Mitchell did not do so, he did not preserve his complaint for our consideration on appeal. We therefore overrule his third point.

## IV. CONCLUSION

Having overruled Mitchell's three points, we affirm the trial court's judgments.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 16, 2021