

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-169-CR**

MICHAEL JOE TAYLOR                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Michael Joe Taylor was charged with driving while intoxicated (DWI) by not having the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more of those substances into his body or by having an alcohol concentration of at least 0.08. The jury was charged on both

---

[1] *See* TEX. R. APP. P. 47.4.

theories of intoxication and convicted him of DWI.  The trial court sentenced him to one year's confinement in jail, probated for twenty-four months, with seventy-two hours in the Denton County jail and eighty hours of community service as conditions of probation, and a $300 fine.

In three issues, Appellant challenges the State's evidence concerning the intoxilyzer results, comparative evidence regarding other defendants who had breath alcohol concentrations (BACs) of 0.166 according to the intoxilyzer results, and the trial court's denial of Appellant's request for the computer and computer program for the intoxilyzer used to test his BAC.  Because we hold that Appellant did not preserve his issues contending that the trial court abused its discretion by admitting evidence and did not prove a *Brady*[2] violation or a violation of the right to confrontation regarding the computer and computer program, we affirm the trial court's judgment.

In his third issue, Appellant argues that the trial court abused its discretion by admitting testimony concerning other individuals arrested for DWI who tested 0.166 on the intoxilyzer, as did Appellant, and these individuals' abilities to use their mental and physical faculties at the time of their arrests. Appellant contends that the admission of the evidence violated rules 104, 105,

---

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

and 801 of the rules of evidence, the Sixth Amendment of the United States Constitution, Article I, Section 10 of the Texas Constitution, and article 1.25 of the code of criminal procedure.[3]

On direct examination, the prosecutor asked the arresting officer,

Q.    Has it been your experience that you interacted with individuals who have given a breath test that of say .166 or a .165 that have been coherent?

A.    Yes, sir.

Q.    And able to speak?

A.    Yes, sir.

Q.    In your opinion at being a .166 and a .165, is an individual intoxicated?

A.    Yes, sir.

Appellant did not object to any of these inquiries.  On cross-examination, defense counsel asked,

Q.    . . . . Well, we're talking about a man that you are saying is double the legal limit, or .16, who is intelligently answering 50 questions that you have asked him; is that correct?

A.    It happens all the time, sir.

Q.    It happens.  Well, I — I was just asking you.  I don't — just answer my questions.

---

[3] U.S. CONST amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.25 (Vernon 2005); TEX. R. EVID. 104, 105, 801.

Appellant did not object to the evidence.

On redirect, the prosecutor made the following inquiry, "You stated earlier, and defense counsel tried to pin you down on this case[;] you stated earlier that you've seen individuals with .166. You say it happens all the time. Can they talk coherently?" Appellant objected on the grounds of "comparative testimony" and relevance under rules 104 and 105. The prosecutor replied that he was not comparing the officer's testimony to that of another witness, but asking the officer about his prior testimony. The trial court overruled Appellant's objection. The questioning continued,

> Q.     Have you seen .166 individuals who have been able to talk and speak with you?
>
> A.     Yes, sir.
>
> Q.     Do you believe those individuals had the use of their mental or physical faculties?
>
> A.     No, sir.
>
> Q.     Do you believe those individuals were intoxicated under the law?
>
> A.     Yes, sir.

Appellant did not object until after the last question. The trial court sustained Appellant's objection to the last question "for comparative cases and comparative testimony" and on grounds of relevance under rules 104 and 105,

4

instructed the jury to disregard the answer, and denied Appellant's request for a mistrial.

Because Appellant objected only on the bases of "comparative testimony" and relevance, his arguments based on rule 801 of the rules of evidence, the Sixth Amendment of the United States Constitution, Article I, Section 10 of the Texas Constitution, and article 1.25 of the code of criminal procedure were not preserved.[4] Additionally, because the evidence he complains of came in elsewhere without objection, as demonstrated above, he has also forfeited his complaints based on relevance and comparative testimony.[5] We overrule Appellant's third issue.

In Appellant's second issue, he contends that the trial court abused its discretion by denying his request for the computer and computer program for the intoxilyzer machine used in his case, violating his right to a fair trial and due process under the Fifth Amendment, the Sixth Amendment, and Article I, section 10 of the Texas Constitution.[6] Appellant also raises and focuses on

---

[4] *See* TEX. R. APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999).

[5] *See Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App.), *cert. denied,* 528 U.S. 1026 (1999); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

[6] U.S. CONST amends. V, VI; TEX. CONST. art. I, § 10.

*Brady* in the discussion of his issue.  Of these arguments, Appellant preserved at trial only his *Brady* argument and, within that, his Sixth Amendment right to an adequate defense.[7]  But Appellant has not shown a reasonable probability that had he been given access to the computer and computer program, the outcome of the trial could have been different.[8]  He therefore has not shown reversible *Brady* error or, correspondingly, a violation of his Sixth Amendment right to an adequate defense.[9]  To the extent that Appellant raises confrontation in the discussion of this issue, having preserved that complaint below, we note that neither the computer nor the computer program is a witness that could be called to testify.[10]  Therefore, we hold that Appellant's right to confrontation is not implicated by their absence.[11]  We overrule Appellant's second issue.

In his first issue, Appellant contends that the trial court abused its discretion by admitting testimony from the technical supervisor about the test

---

[7] *See* TEX. R. APP. P. 33.1(a)(1); *Mosley*, 983 S.W.2d at 265.

[8] *See Webb v. State*, 232 S.W.3d 109, 114–15 (Tex. Crim. App. 2007).

[9] *See id.*

[10] *See Torres v. State*, 109 S.W.3d 602, 606–07 (Tex. App.—Fort Worth 2003, no pet.) (holding unavailability of computer program in gas chromatography machine used to analyze blood does not violate right to confrontation).

[11] *See id.*

6

results when he could not testify about the intoxilyzer's computer or computer program and therefore could not testify about the intoxilyzer's scientific reliability. We note that Appellant did not challenge the sufficiency of the evidence to support the jury's verdict on the alternate ground regarding the lack of normal use of Appellant's mental and physical faculties, nor did he challenge the admissibility of evidence regarding that prong. But in *Bagheri v. State*, the Texas Court of Criminal Appeals held that improper admission of expert testimony in a DWI case was reversible error even though the evidence was sufficient to sustain the alternative theory of intoxication.[12] We therefore cannot simply affirm the general verdict based on the alternate theory of proof of intoxication.[13]

The record shows that defense counsel objected when the intoxilyzer testimony was first offered. After the State offered a printout of the intoxilyzer or BAC results, State's Exhibit No. 4, defense counsel "re-urged" his objections. The trial court overruled the objections and admitted the exhibit. Then the technical supervisor testified about Appellant's test results as shown on State's

---

[12] *Bagheri v. State*, 119 S.W.3d 755, 763–64 (Tex. Crim. App. 2003).

[13] *See id.* at 761–62.

7

Exhibit No. 4 without objection to his testimony. Defense counsel also elicited testimony involving the intoxilyzer:

> Q. . . . . Now, has this machine ever malfunctioned while it was under your authority as the scientific supervisor over Area 23?
>
> A. Malfunctions? No.
>
> Q. Did you have to repair it?
>
> A. Sure. Just like anything else, it requires maintenance from time to time.
>
> Q. Okay. Have you ever had an Intoxilyzer 5000 not work properly?
>
> A. Yes. When they're not working properly, we take them out for maintenance.
>
> Q. Okay. Do you know if any individuals may have been given the test and the test wasn't properly maintained? Or it was a wrong score? Do you know if that's ever happened?
>
> A. Not that I'm aware of.
>
> Q. You're saying that everybody that was brought to trial had the correct test results of thousands of tests?
>
> A. As we're sitting here in trial yes, that's what I'm saying today.

Defense counsel also questioned the challenged witness about the test results, including asking how many drinks Appellant would have had to

consume to get a BAC of 0.16, what the rate of elimination of alcohol from the body would be, and what a person who had twelve drinks would look like. Defense counsel did not object to any of the answers. The witness also testified without objection during cross-examination, "If in fact this individual has an alcohol concentration of .16, I have no doubt in believing the accuracy and validity of the test."

As the Texas Court of Criminal Appeals has explained,

> The general rule is that error regarding improperly admitted evidence is waived if that same evidence is brought in later by the defendant or by the State without objection. However, error is not waived when the evidence is brought in later in an effort to meet, rebut, destroy, deny or explain the improperly admitted evidence.[14]

Nothing in the record suggests that Appellant invoked the exception to the general rule when defense counsel also treated the witness as an expert. Under the limited facts of this case, we hold that Appellant has not preserved his complaint for appeal.[15] We therefore overrule his first issue.

Having overruled Appellant's three issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

---

[14] *Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993) (citations omitted).

[15] *See Fuentes*, 991 S.W.2d at 273; *Leday*, 983 S.W.2d at 718.

PANEL:  DAUPHINOT, HOLMAN, and WALKER, JJ.

PUBLISH

DELIVERED: August 14, 2008