

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00314-CR

CHRISTOPHER REMSNYDER                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
### TRIAL COURT NO. 1297664D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Christopher Remsnyder appeals his conviction for theft of property valued between $1,500 and $20,000. In two issues, Remsnyder argues that the prosecutor improperly questioned a veniremember and that his trial counsel rendered ineffective assistance of counsel. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

The facts of the underlying charge in this case are not in dispute. Rather, the two issues that Remsnyder brings on appeal revolve around the prosecutor's questioning of a veniremember and his own trial counsel's actions upon learning that a juror had commented to the jury panel regarding Remsnyder's guilt. Thus, this opinion will address facts only relevant to these two issues.

During voir dire, after veniremember Miller had expressed his inability to consider assessing a ten-year sentence for theft of something valued at $1,500, the following colloquy took place:

> [Prosecutor]: What if the person has more history than just these two priors?
>
> [Veniremember Miller]: Well, yeah. I mean, that's what I'm saying. I didn't know that you could bring up the history.
>
> [Defense Counsel]: I object. I object, Your Honor. I object. Improper commitment – improper commitment question. I also object because it's suggestive of extraneous offenses. I object.
>
> THE COURT: All right. Overruled.
>
> [Prosecutor]: Thank you, Judge. It's not fair to you because you don't know the circumstances, you know. And so I know it's not fair. But what I ask you is, you don't -- you don't know the full story. Is there a situation in which you think this person -- say this -- think of something truly heinous. Say this person stole from a charity. Say they stole, you know, $20,000 from a charity, and they've been convicted twice of having a state jail felony. Could -- is that a situation in which you would consider the full range, or is it no matter what, you could never consider the full range?

Later, after the State had concluded presenting evidence at the guilt-innocence phase of trial, the following colloquy took place outside of the jury's presence:

> [Defense Counsel]: I move for mistrial. It appears that the jurors are engaging in unauthorized deliberation. Apparently, one of them has said, Why are we going through this, and said it in front of others, [i]t's him on the video. I suppose he could privately think that, but doing that with the jurors is unauthorized deliberations [sic], so I move for mistrial.
>
> THE COURT: All right. That's going to be denied. I brought that fact up to both sides yesterday when one of my bailiffs told me that one of the jurors had, after looking at the video, wanted to -- couldn't understand his defense. And I made a point of talking to the whole jury panel, tell them that they're not to discuss the case among themselves, shortly before I allowed them to leave, of course. And I also told them not to talk to their families once they reached home because the trial was still, you know, going on, and it would be improper to discuss anything about the case among themselves or with anybody else. And they all assured me that they would not do this. So I think that we're okay. As such, I will deny your motion.

After the jury returned a verdict of guilty and the punishment phase of trial concluded, the jury assessed punishment at ten years' confinement and a $2,500 fine. The trial court entered judgment accordingly, and this appeal followed.

### III. THE PROSECUTOR'S QUESTIONING DURING VOIR DIRE

In his first issue, Remsnyder argues that the trial court erred by overruling his objection to the prosecutor's statement asking veniremember Miller, "What if the person has more history than just these two priors?" Remsnyder argues that this question was both an improper commitment question and that this question "improperly revealed to the jury that [Remsnyder] had other criminal offenses in

3

his background that [the State] could not discuss with the panel at that time." To buttress his argument, Remsnyder argues, "Any doubt that the prosecutor intended to poison the well should quickly be removed when one considers . . . [the prosecutor's] next line of questioning." Specifically, Remsnyder emphasizes the prosecutor's follow-up question to veniremember Miller, "But what I ask you is, you don't -- you don't know the full story."

The State argues, among other arguments, that Remsnyder forfeited any potential complaint for appeal because "he failed to object at the earliest possible opportunity." We agree with the State.

To preserve error under our rules of evidence, an objection must be made "as soon as the ground for objection becomes apparent." *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App.), *cert. denied*, 516 U.S. 832 (1995); *see also* Tex. R. App. P. 33.1(a). "[I]f a question clearly calls for an objectionable response, a defendant should make an objection before the witness responds." *Dinkins*, 894 S.W.2d at 355. "If he fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived." *Id.*

Here, assuming that the prosecutor's questions were objectionable, Remsnyder did not object to the prosecutor's question of "What if the person has more history than just these two priors?" until after veniremember Miller had answered the question. And other than professing that his objection was timely, Remsnyder does not offer a legitimate reason to justify his delay in objecting to

4

the prosecutor's question. Therefore, Remsnyder did not object at the earliest possible opportunity and has not preserved his complaint regarding this question. *See Montgomery v. State*, 198 S.W.3d 67, 74 (Tex. App.—Fort Worth 2006, pet. ref'd) ("Appellant did not object to this particular question until after a veniremember had answered the question. Thus, appellant did not object at the earliest possible opportunity and has not preserved his complaint regarding this question."); *see also Halprin v. State*, 170 S.W.3d 111, 119 (Tex. Crim. App. 2005) (holding that appellant failed to preserve for appellate review question of whether prosecutor improperly attempted to commit veniremember to resolving or refraining from resolving an issue). Furthermore, Remsnyder never objected to the prosecutor's "next line of questioning." *See* Tex. R. App. P. 33.1(a); *see also Taylor v. State*, 264 S.W.3d 914, 917 (Tex. App.—Fort Worth 2008, no pet.) ("Additionally, because the evidence [appellant] complains of came in elsewhere without objection . . . he has also forfeited his complaints."). We overrule Remsnyder's first issue.

## IV. ASSISTANCE OF COUNSEL

In his second issue, Remsnyder claims that his trial counsel rendered ineffective assistance in how he handled a juror's statement to the jury that he did not understand Remsnyder's defense when a video introduced at trial displayed Remsnyder as the assailant in this case. Specifically, Remsnyder argues that even though trial counsel moved for a mistrial after learning of the juror's objectionable conduct, trial counsel should have requested a "full hearing

5

on the matter to determine the exact nature of the [juror's] misconduct." Remsnyder argues that trial counsel's failure to request such a hearing demonstrates that trial counsel was ineffective.

To prevail on this point, Remsnyder must show by a preponderance of the evidence that trial counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that but for trial counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of trial counsel's representation is highly deferential, and we indulge a strong presumption that his conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63.

Rarely does the record on direct appeal position an appellate court to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on

6

direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (*quoting Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (*quoting Thompson*, 9 S.W.3d at 813). It is not appropriate for us to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). And we are very reluctant to denounce a lawyer as ineffective absent an opportunity for the lawyer to explain his actions on the record. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

For these reasons, the court of criminal appeals and this court have often stated that ineffective assistance claims are usually best addressed by a post-conviction writ of habeas corpus. *See Lopez v. State*, 80 S.W.3d 624, 630 (Tex. App.—Fort Worth 2002), *aff'd*, 108 S.W.3d 293 (Tex. Crim. App. 2003).

In this case, although Remsnyder filed a motion for new trial, he did not assert an ineffective assistance of counsel claim in his motion to afford the trial court the opportunity to hold a hearing and inquire into the reasons for trial counsel's actions. Consequently, we cannot determine whether trial counsel's actions were grounded in sound trial strategy because the record is silent as to possible trial strategies, and we will not speculate on the reasons for those

7

actions.  *See Jackson*, 877 S.W.2d at 771; *Patterson*, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.).  We overrule Remsnyder's second issue.

## V. CONCLUSION

Having overruled both of Remsnyder's issues on appeal, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 26, 2015

8