

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00095-CR

———————————————————

CHARLES WESLEY ROOK, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14016

---

Before Sudderth, C.J.; Gabriel and Wallach, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

A jury convicted Appellant Charles Wesley Rook of theft under $2,500, elevated to a state-jail felony due to Rook's two prior theft convictions, and further elevated to a second-degree felony due to Rook's two prior felony convictions. *See* Tex. Penal Code Ann. §§ 12.425(b), 31.03(a), (e)(4)(D). The jury assessed his punishment at twelve years' confinement, and the trial court sentenced him accordingly. In a single point, Rook argues that the trial court erred by admitting extraneous-offense evidence and impermissible character evidence in violation of Texas Rule of Evidence 404. *See* Tex. R. Evid. 404(a), (b). We will affirm.

## I. BACKGROUND

Jason Goforth, a former Walmart asset protection associate, was working at Walmart on October 21, 2017. On that date, Goforth noticed that Rook was sporadically taking merchandise off a shelf and placing it into a shopping cart. This aroused Goforth's suspicion, so Goforth closely monitored Rook's actions.[1] Goforth saw Rook walk over to the electronics center, "rip" a package of Bluetooth earbuds from a peg hook, walk over to an empty toy aisle, and place the package into his shorts. Goforth testified that the earbuds had been secured to the peg hook by a "plastic tie" and that a customer was supposed to ask a Walmart associate to "unlock [the plastic tie] so the merchandise doesn't get ripped."

---

[1]Goforth testified that his job generally consisted of walking around Walmart in plain clothing—to blend in with the crowd—and monitoring people's activities.

After placing the earbud package into his shorts, Rook walked to the front of the store, left his shopping cart containing merchandise near the registers, and exited the store. Goforth followed Rook out of the store and observed him get into the driver's seat of a vehicle in an adjacent parking lot. A woman—later identified as Andrea Daugherty—was in the passenger's seat of the vehicle. The vehicle then traveled to the Walmart parking lot, stopped in front of the entrance, and Daugherty exited the vehicle carrying a Walmart bag. Daugherty entered the store and proceeded to the service desk. At the service desk, she returned a package of Bluetooth earbuds without a receipt and was given a Walmart gift card totaling $108.12—the cost of the earbuds plus tax. Goforth testified that the package of earbuds returned by Daugherty was the same package that he saw Rook take. He further testified that the package returned by Daugherty "was missing part of the package where it was ripped off the shelf that matched up perfectly with the peg hook that was hanging on the hook."

Rook was arrested in the Walmart parking lot by Granbury police. The arresting officer, Officer Kevin Clapp, testified that he found a marijuana pipe in Rook's front pocket that smelled of marijuana. A photograph of the pipe was shown to the jury. The jury also saw Rook's booking photograph, which reflected that Rook had two lightning bolt tattoos around his right eye. Officer Clapp testified that the tattoos were associated with the Aryan Brotherhood or Aryan Circle. The jury convicted Rook of theft under $2,500, and this appeal followed.

## II. ROOK'S EVIDENTIARY COMPLAINTS

In his sole point, Rook argues that the trial court erred by admitting evidence regarding the marijuana pipe found in his pocket and regarding the association between his lightning bolt tattoos and the Aryan Brotherhood and Aryan Circle. Rook contends that the admission of the evidence regarding the marijuana pipe violated Rule 404(b)'s general prohibition of the use of extraneous-offense evidence and that the admission of the evidence regarding the association between his lightning bolt tattoos and the Aryan Brotherhood and Aryan Circle violated Rule 404(a)'s general prohibition of the use of character evidence. *See* Tex. R. Evid. 404(a), (b).

### A. EVIDENCE OF ROOK'S MARIJUANA PIPE

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016). A party must continue to object each time the objectionable evidence is offered. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Clay v. State*, 361 S.W.3d 762, 766 (Tex. App.—Fort Worth 2012, no pet.). Error regarding improperly admitted evidence is waived if that same evidence is brought in later without objection—unless the evidence is brought in later to meet, rebut, destroy, deny, or explain the improperly admitted evidence. *Taylor v. State*, 264 S.W.3d 914, 918–19 (Tex. App.—Fort Worth 2008, no pet.) (mem. op.)

4

(citing *Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993)).  Any error in the admission of evidence is cured when the same evidence comes in elsewhere without objection.  *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Hill v. State*, 303 S.W.3d 863, 876 (Tex. App.—Fort Worth 2009, pet. ref'd).

Here, Rook's trial counsel initially objected to Officer Clapp's testimony regarding finding the marijuana pipe in Rook's pocket and objected to the admission of the photograph of the marijuana pipe.  The trial court overruled the objections.  The State continued with its examination of Officer Clapp, and the following exchange occurred without objection:

> Q.    Looking at State's Exhibit 6 here, you say this is a marijuana pipe?
>
> A.    Yes, sir.
>
> Q.    And it had the odor of burnt marijuana on it?
>
> A.    Yes, sir, it did.
>
> Q.    Where did you find it on the Defendant?
>
> A.    In his front pocket.  It was his front right pocket.

Because Officer Clapp testified, without objection, that the photograph depicted a marijuana pipe found in Rook's pocket that had the odor of burnt marijuana on it, any error in the trial court's prior admission of the photograph and any error in the admission of Officer Clapp's prior testimony regarding the marijuana pipe was cured.  *See Valle*, 109 S.W.3d at 509; *Hill*, 303 S.W.3d at 876; *see also Sampson*

*v. State*, No. 02-15-00202-CR, 2016 WL 4474339, at *3 (Tex. App.—Fort Worth Aug. 5, 2016, pet. ref'd) (mem. op., not designated for publication) ("[B]ecause unobjected-to evidence proves the same facts as the objected-to photographs, we conclude that any error in admitting the photographs was harmless.").

Accordingly, we overrule the portion of Rook's sole point concerning the admission of evidence relating to his marijuana pipe.

## B. EVIDENCE OF ROOK'S GANG TATTOOS

The trial court admitted without objection Rook's booking photograph that showed Rook's lightning bolt tattoos. The State asked Officer Clapp if he was familiar with the meaning of the lightning bolt tattoos, and Officer Clapp stated that the tattoos were associated with the Aryan Brotherhood or Aryan Circle. Rook's trial counsel immediately objected to the testimony as improper character evidence; the trial court overruled that objection. Officer Clapp then repeated that the tattoos were associated with the Aryan Brotherhood or Aryan Circle, and Rook's trial counsel then objected to the testimony as irrelevant. The trial court sustained the relevancy objection, and no other evidence regarding Rook's tattoos or gang association was presented.

Assuming, without deciding, that Rook's issue was preserved for our review and there was error, we may not reverse the trial court's judgment unless the error affected Rook's substantial rights. *See* Tex. R. App. P. 44.2(b). The erroneous admission of evidence is non-constitutional error. *Gonzalez v. State*, 544 S.W.3d 363,

6

373 (Tex. Crim. App. 2018); *Kennedy v. State*, 193 S.W.3d 645, 660 (Tex. App.—Fort Worth 2006, pet. ref'd). Non-constitutional error requires reversal only if it affects an appellant's substantial rights. *Gonzalez*, 544 S.W.3d at 373 (citing Tex. R. App. P. 44.2(b)); *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (citing same). Substantial rights are not affected if the reviewing court has fair assurances that the erroneous exclusion of evidence had no influence or only a slight influence on the jury. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011); *Motilla*, 78 S.W.3d at 355. "Put another way, to be reversible, the jury must have been 'substantially swayed' by the improperly-admitted evidence." *Gillon v. State*, No. 02-16-00148-CR, 2017 WL 1738039, at *3 (Tex. App.—Fort Worth May 4, 2017, pet. ref'd) (mem. op., not designated for publication) (quoting *Hinds v. State*, 970 S.W.2d 33, 35 (Tex. App.—Dallas 1998, no pet.)). In making this determination, we review the entire record, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case. *Motilla*, 78 S.W.3d at 355. We may also consider the jury instructions, the State's theories and defensive theories, whether the State emphasized the error, closing arguments, and voir dire. *Id.* at 355–56.

Based on our review of the record, there is overwhelming evidence supporting the jury's verdict. *See Motilla*, 78 S.W.3d at 357; *Gillon*, 2017 WL 1738039, at *4. Goforth testified that he closely monitored Rook's actions and that Rook "ripped" the package of earbuds off the peg hook, walk over to an empty aisle, and place the

7

package into his shorts. He then saw Rook walk to the front of the store, leave his shopping cart that had been filled with other merchandise, and exit the store. Goforth testified that he then saw Rook walk to an adjacent parking lot, get into a vehicle with Daugherty, and drive the vehicle to Walmart's parking lot. He saw Daugherty exit the vehicle with a Walmart bag, approach the service desk, and return a package of Bluetooth earbuds without a receipt for a Walmart gift card totaling $108.12. He testified that the package of earbuds returned by Daugherty was the same package that he saw Rook put down his shorts and that the package returned by Daugherty was missing part of the package that "matched up perfectly" with the way Rook "ripped" the earbuds off the peg hook.

Walmart surveillance video was also shown to the jury. As the video was shown to the jury, Goforth explained what was occurring in the video: Rook's walking into the store from the direction of the adjacent parking lot, Rook's selecting merchandise and placing it into the shopping cart, Rook's taking the Bluetooth earbuds off the peg hook, Rook's exiting the store without a shopping cart, Rook's walking away from Walmart towards the adjacent parking lot, Rook's vehicle's entering the Walmart parking lot and Daugherty's exiting the vehicle, Daugherty's entering the store and walking towards the service desk, and Daugherty's returning the earbuds at the service desk. A photograph of the earbud package returned by Daugherty and the receipt given to Daugherty for the return were also admitted into evidence.

8

In contrast to the overwhelming evidence supporting the jury's verdict, the evidence relating to Rook's tattoos and their association with the Aryan Brotherhood and Aryan Circle was slight and not emphasized by the State. Officer Clapp stated that the tattoos were associated with the Aryan Brotherhood or Aryan Circle, and following an objection that was overruled, he repeated that the tattoos were associated with the Aryan Brotherhood or Aryan Circle. That is the only evidence offered or admitted during the guilt-innocence stage of Rook's trial relating to his tattoos and their association with the Aryan Brotherhood and Aryan Circle. The only other time that Rook's gang tattoos were mentioned during the guilt-innocence stage was during the State's rebuttal argument, when the State provided an explanation for why Goforth did not try to stop Rook from leaving the store with the earbuds. The prosecutor stated, "You know, with all of the tattoos on his face, the Aryan brotherhood, Aryan circle tattoos on his face, I mean, would you want to confront a person like that? Of course you wouldn't."[2] Rook's trial counsel did not object to this argument and it is not the subject of a complaint on appeal. The gang tattoos were not part of the State's or Rook's theory of the case, and they were not mentioned during voir dire.

On this record, we cannot say that the jury must have been "substantially swayed" by the testimony relating to the association of Rook's tattoos and the Aryan

_____

[2]Rook's trial counsel had argued during closing that Goforth "could have easily stopped [Rook] coming out of that store."

Brotherhood and Aryan Circle. Assuming the jury considered this association at all, we are persuaded that its admission had, at most, only a slight influence—not enough to constitute reversible error. *See Motilla*, 78 S.W.3d at 255. We thus hold that Rook's substantial rights were not violated and hold that any error was harmless. *See* Tex. R. App. P. 44.2(b); *Solomon*, 49 S.W.3d at 365.

We overrule the portion of Rook's sole point concerning the admission of evidence relating to his gang tattoos.

## III. CONCLUSION

Having overruled both portions of Rook's sole point, we affirm the trial court's judgment.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 5, 2020

10